## LOMMER v. SCRANTON–SPRING BROOK WATER SERVICE CO. et al. (AMERICAN OIL CO., Third-Party Defendant).
### No. 941.

District Court, M. D. Pennsylvania.
March 31, 1943.

McDonough & Boasberg, of Buffalo, N. Y., and Donald Reifsnyder, of Scranton, Pa., for plaintiff.

Frank J. McDonnell, of Scranton, Pa., for defendant Scranton-Spring Brook Water Service Co.

Welles, Mumford & McGrath, of Scranton, Pa., for defendants Edmund J. Thomas and Ruth T. Thomas.

J. Frank Connolly, of Scranton, Pa., for American Oil Co.

WATSON, District Judge.

This action was brought to recover damages for the wrongful death of the husband of the plaintiff. Prior to the expiration of the period of the statute of limitations, the American Oil Company was served by the defendant, Scranton-Spring Brook Water Service Company, with a third-party complaint, wherein it is alleged that the American Oil Company is alone and solely liable for the damages claimed by the plaintiff. Approximately forty days after the one-year period of the statute of limitations had expired the plaintiff filed a motion for leave to amend the complaint to charge the American Oil Company with liability. The American Oil Company opposes the granting of the motion on the ground that the claim is barred by the statute of limitations.

Only one case has been found which deals with the question here under consideration. Gray v. Hartford Acc. & Indem. Co., D.C., 36 F.Supp. 780. This case was decided in Louisiana where the rule prevails that an action brought against one of two or more joint tort feasors tolls the running of the statute of limitations as to the other joint tort feasors. Such is not the law of Pennsylvania. Bowers v. Gladstein et al., 317 Pa. 520, 178 A. 44; Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486, 188 A. 190. Consequently, the Gray case is not applicable here.

The plaintiff's motion is filed pursuant to the provisions of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which provides in part: "The plaintiff may amend his

pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." The courts in construing this provision of Rule 14(a) have dismissed such third-party proceedings where the plaintiff refused to amend the complaint to charge such third-party with liability. Delano v. Ives, D.C., 40 F.Supp. 672; Whitmire v. Partin, D.C., 2 F.R.D. 83; Satink v. Holland Township, 31 F.Supp. 229. It is obvious, therefore, that the defendant cannot, by instituting third-party proceedings, put in issue the question of liability as between the plaintiff and such third-party. Such issue must be raised by amendment of the complaint setting forth such charge. The third-party proceeding in such case may thus be regarded as authorizing a defendant to gratuitously tender to a plaintiff a person who may be liable directly to the plaintiff which tender the plaintiff may refuse or accept. When regarded in this light, it must follow that the plaintiff has not accepted such tender and has not put in issue the question of liability of such third-party unless and until he has amended his complaint. Therefore, when the plaintiff seeks to amend his complaint to charge the third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against such third-party defendant, which cause of action is barred by the statute of limitations.

The plaintiff contends that the motion to amend should be granted, for the reason that the object of third-party procedure is to avoid circuity of action and to adjust in one proceeding various phases of a single controversy. The fallacy of this contention lies in the fact that there can be no further proceedings on the cause of action which she desires to allege against the American Oil Company unless her amendment is allowed. Hence, refusal of plaintiff's motion will not result in the institution of additional actions.

The plaintiff has advanced additional arguments in support of the motion which arguments are based upon an apparent contention that the third-party procedure is not controlled by the statute of limitations. I find no justification for such contention either in Rule 14 or in the decided cases.

It is ordered that the motion of the plaintiff filed December 29, 1942, to amend the complaint be, and it is hereby denied.