**HORAN**

v.

**POPE & TALBOT, Inc., et al.**

**Civ. A. No. 10117.**

United States District Court
E. D. Pennsylvania.

April 14, 1953.

See also 115 F.Supp. 32.

Wilbur Greenberg, Louis H. Wilderman, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for Pope & Talbot, Inc.

J. Paul Erwin, Philadelphia, Pa., for Chester Stevedoring Co.

Michael A. Foley, Philadelphia, Pa., for Jarka Corp., for defendants.

WELSH, District Judge.

This is plaintiff's motion for leave to file an amended complaint and to serve same upon Pope & Talbot, Inc., defendant, and Jarka Corporation of Philadelphia, one of the third-party defendants.

On or about June 7, 1949, plaintiff, an employee of Chester Stevedoring Company, the other third-party defendant, sustained injuries on board a vessel owned by the defendant, Pope & Talbot, Inc. To recover damages resulting from his injuries plaintiff on September 16, 1949 brought the present action. On September 27, 1951, defendant, Pope & Talbot, Inc., brought in as third-party defendants, Chester Stevedoring Company and Jarka Corporation of Philadelphia. The present motion of the plaintiff for leave to file an amended complaint and serve same upon Pope & Talbot and Jarka Corporation was filed January 30, 1953.

Jarka Corporation urges the denial of the motion on the ground that plaintiff's right to recover against it, Jarka, is barred by the statute of limitations. Jarka's position, we think, is correct.

■ The Federal Rules relating to third-party actions contemplate the avoidance of multiplicity and circuity of actions, but they hardly envision, as contended by the plaintiff, the revival of an action extinguished or barred by the statute of limitations. Lommer v. Scranton-Spring Brook Water Service Company, D.C.Pa.1943, 3 F.R.D. 27. Also, it is not the purpose of said Rules to prevent a third-party defendant from interposing the defense of the statute of limitations in a third-party action or in an action brought against said third-party defendant by the original plaintiff where the original plaintiff elects to file and serve an amended complaint. Nor is it the purpose of said Rules to prevent a third-party defendant as here from raising the statute of limitations on a motion by an original plaintiff for leave to file and serve an amended complaint. The latter is true even though the defense of the statute of limitations is not available in the third-party action, since an original plaintiff's request to file and serve an amended complaint on a third-party defendant is in effect an attempt to introduce a new cause of action.

Plaintiff's contention that he will be unable to obtain judgment against Jarka unless he is granted leave to file and serve the amended complaint is without merit and requires no discussion.

Plaintiff's motion is denied.