**Alvin H. FRANKEL, Guardian of the Estate of Carol Powell, a minor**

v.

**Oliver BACK**

v.

**John Henry DOERR.**

Civ. A. No. 30055.

United States District Court
E. D. Pennsylvania.
May 27, 1965.

Roger J. Soens, Philadelphia, Pa., for plaintiff; James E. Beasley, Philadelphia, Pa., Co-counsel.

Elston C. Cole, Philadelphia, Pa., for defendants.

Harry A. Short, Jr., and Liebert, Harvey, Herting & Short, Philadelphia, Pa., for third-party defendant, John Henry Doerr.

DAVIS, District Judge.

This action was instituted on August 7, 1961 by the plaintiff to recover damages for injuries sustained by Carol Powell, a minor, who was a passenger in a car driven by her mother on September 22, 1960. The defendant's car collided head on with the car in which Carol Powell was riding after crossing the center line of the highway and entering the lane of oncoming traffic. On September 21, 1961, the defendant filed a third party complaint against the third party defendant alleging that said third party defendant was travelling behind the defendant's car and pushed the defendant's car across the center line causing the collision.

It was in this posture that the case stood when, on September 22, 1962, the Statute of Limitations expired as to plaintiff's cause of action against any one other than defendant Back. On December 22, 1964, the plaintiff filed a motion for leave to amend his complaint to set forth a claim directly against the third party defendant Doerr. This motion is now before the Court for disposition.

The procedure for the joinder of a third party defendant by the original defendant is set forth in Rule 14(a) F.R.Civ.P, 28 U.S.C. The basis of the third party complaint is that the third party defendant "is or may be liable to him [original defendant] for all or part of the plaintiff's claim against him."

After the joinder, the third party defendant may assert any defenses against the plaintiff that the third party plaintiff (original defendant) has to the plaintiff's claim. The plaintiff, on the other hand, may assert against the third party defendant any claim arising out of the occurrence which is the subject matter of the original claim against the de-

fendant. This the plaintiff now attempts to do and the question resolves itself into whether the running of the Statute of Limitations bars the plaintiff from accomplishing at this date what he was admittedly able to do on or before September 22, 1962.

Two of the cases cited by the plaintiff to support his contention that the amendment should be allowed, Graff v. Pennsylvania R. R. Co., 80 F.Supp. 186 (E.D.Pa.1948) and Lommer v. Scranton-Spring Brook Water Service Co., 66 F.Supp. 878 (M.D.Pa.1946), both decided the propriety of a direct claim against the third party defendant before March 19, 1948, the effective date of the amendment to Rule 14(a), F.R.Civ.P. These cases are no longer controlling since the amendment effectively excluded the filing of a third party complaint which attempted to allege that the third party defendant was liable to the original plaintiff on his claim against the original defendant. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co. et al., 90 U.S.App.D.C. 362, 196 F.2d 597 (1952).

The joinder of a third party defendant in and of itself does not assert a claim as between the plaintiff and the third party defendant, but is the assertion of a right by the original defendant against some one not a party to the action. Therefore the disposition of the third party complaint only affects the rights as between the original defendant and the third party defendant. Davies v. Dotson, 198 F.Supp. 612 (E.D.Pa. 1961).

It is also well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant. Hankinson v. Pennsylvania Railroad Co., 160 F.Supp. 709 (E.D.Pa.1958) and cases cited therein. Furthermore, the Court of Appeals for the Third Circuit in Smith v. Whitmore, 270 F.2d 741 (3rd Cir. 1959), outlines the extent of the liability of a third party defendant who has not been added as a party defendant by the amendment of the plaintiff's complaint. The third party defendant's liability is, under Pennsylvania Law, only one for contribution to the original defendant if both are found to have contributed to the cause of the accident. Smith v. Whitmore, supra at page 746.

Finally the plaintiff cites the case of Falls Industries, Inc. v. Consolidated Chem. Indus., Inc., 258 F.2d 277 (5th Cir. 1958), to support his contention that the present amendment should be permitted under Rule 14(a). This case was tried non-jury and at the conclusion of the trial the court found in favor of the defendant and dismissed the third party complaint without prejudice to any claim the plaintiff might have against the third party defendant. In resolving the issue of the third party defendant's liability to the original plaintiff, the Court of Appeals stated:

"Rule 14 was amended in 1946, effective March 19, 1948, to eliminate the provision for impleader of a person liable *to the plaintiff*. But the plaintiff is still permitted to assert a claim against the third party arising out of the same transaction as the subject of the original suit. * *

"Under the prior jurisprudence, where the third-party defendant was liable directly to the original plaintiff, amendment was held unnecessary—notwithstanding the words 'may amend his [plaintiff's] pleadings.' In such cases the third-party complaint was said to present an issue between the third-party and the original plaintiff. (citations omitted) * . * *" 258 F.2d at page 284.

In permitting the plaintiff in Falls to assert a claim directly against the third party defendant without having amended its complaint, the Court of Appeals re-

viewed the complete record of the trial and found that all parties had recognized that the real dispute was between the plaintiff and the third party defendant, to wit:

(1) the third party defendant answered the third party complaint and further answered the original complaint;

(2) the third party defendant alleged that the damages were solely caused by the plaintiff;

(3) the third party defendant alleged that the plaintiff was guilty of contributory negligence;

(4) the plaintiff, without objection, introduced evidence to show that the third party defendant was the sole cause of the damages suffered;

(5) the third party defendant introduced evidence to counter the plaintiff's evidence tending to show sole liability on the third party defendant.

The Court of Appeals in the Falls case then held that the action of the third party defendant amounted to a waiver of the amendment:

> "Here, the parties litigated the issues between them just as if there had been actual notice through an amendment to the complaint stating in terms the plaintiff's claim against the third-party defendant." 258 F. 2d at page 287.

In order to come within the holding of the Falls case, plaintiff points out that the third party defendant's answer to the third party complaint raises as defenses the contributory negligence of the plaintiff, the artificiality of the diversity of citizenship, and that the damages claimed by the plaintiff are not recoverable in this action. Rule 14(a) permits the third

party defendant to assert any defense against the plaintiff which the original defendant has to the plaintiff's claim. This Court does not feel that the mere assertion of these allowable defenses exposes the third party defendant to a direct claim by the plaintiff. The third party defendant by its answer [1] here did not come within the Court of Appeals holding in the Falls case with regard to the third party's answer:

> " * * * The third party went further and filed an answer to the original complaint making allegations and asserting defenses that would be applicable only on the basis that the third-party complaint in itself enlarged the pleadings by placing the original plaintiff in the position of asserting a claim against the third party. * * * " 258 F.2d at page 286.

The plaintiff finally contends that Rule 15(a) permits the amendment of a pleading at any time where justice so requires, citing Copeland Motor Co. v. General Motors Corp., 199 F.2d 566 (5th Cir. 1952). The problem with this argument is that Rule 15 applies to those instances where the party seeking amendment has theretofore asserted a claim against another party to the action and is merely amending that pleading to assert a further claim against the same party, enlarge his original claim or to have the pleadings conform to the proofs adduced at the trial of the cause. In the instant case, plaintiff never filed a claim against the third party defendant [2] so that the requested amendment would amount to an original claim against the third party defendant after the statute of limitations has run and not the amend-

---

1. We find little merit in the contention that the third party defendant waived his rights by corresponding with the plaintiff's attorney to ascertain the foundation and extent of plaintiff's claim against the defendant.

2. The only assertion of any right against the third party defendant by the plaintiff was in the noticing of a deposition of the third party defendant which was met with a motion for a protective order on the grounds of no claim existing between them. This motion has not been disposed of by the Court.

ment of a pleading already filed setting forth a claim against the third party defendant.

On the basis of the foregoing opinion, the plaintiff's motion to amend his complaint to assert a claim against the third party defendant directly should be denied.