276 A.2d 466.

RONALD C. LALIBERTE *et ux. vs.* PROVIDENCE REDEVELOPMENT AGENCY *et al. vs.* McGEE PARKING SERVICE, INC.

APRIL 20, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The plaintiffs in this action contend that pursuant to Super. R. Civ. P. 14(a) they may file a claim against a third-party defendant after the period of the statute of limitations has run on the theory that the third-party defendant had been impleaded within the statutory period. There is apparently weighty authority to the contrary. In 3 Moore, *Federal Practice,* ¶14.09 at 536 (2d ed.), the text writer said: "The provision allowing the plaintiff to assert a claim against the third-party defendant is also subject to the applicable statute of limitations. The plaintiff may not amend to state a claim against the third-party defendant where the statute has run on his claim at the time of the amendment."

It appears that the text writer relied in no small measure in so holding on the case of *Lommer* v. *Scranton-Spring Brook Water Service Co.,* 3 F.R.D. 27, which was decided prior to March, 1948. Prior to March, 1948, the pertinent provisions of Rule 14(a) read: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

However, in March, 1948, pertinent portions of Fed. R. Civ. P. 14(a) were amended so as to read: "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 * * *." Our own Super. R. Civ. P. 14(a) contains language similar to that inserted into the federal rule by the 1948 amendment.

The question, then, is whether under Rule 14(a), as amended in March, 1948, a plaintiff may assert any claim against a third-party defendant impleaded within the time provided for in the statute of limitations even though

such claim is asserted against the third-party defendant after the statute of limitations has run. The court is of the opinion that this question should be the subject matter of further argument on the part of the parties to this cause. We, therefore, direct the parties to argue on the issue of whether under Rule 14(a), as amended in 1948, a plaintiff may assert a claim against a third-party defendant after the statute of limitations on the cause has run but where the third-party defendant was impleaded prior to the expiration of the statutory period.

The court is further concerned with the question of whether plaintiffs could have defeated the statute of limitations in the instant case if, after compliance with Rules 15(a) and 15(b), they had moved to amend the original claim under Rule 15(c) by adding the third-party defendant as a defendant in the original claim. Rule 15(c) is the relating back clause, so called, of Rule 15. It reads as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

In discussing this rule, Professor Kent seems to indicate that the second sentence of Rule 15(c) allows an amendment which changes a party against whom a claim is asserted and relates back "* * * if within the period of limitation the party brought in by amendment had notice

of the action and knew or should have known that but for a mistake the action would have been brought against him." 1 Kent, *R. I. Civ. Prac.* at 149-50. In §15.6 of Kent at 153, the author notes that the provision of Rule 15(c) is important only when the statute of limitations has run as to the subject of the amendment between the date of the original pleading and the date the amendment is sought.

Another text writer discusses the 1966 amendment of Fed. R. Civ. P. 15(c) in 3 Moore, *Federal Practice,* ¶15.15 [4.-2] (2d ed.). See also 1A Barron & Holtzoff, *Federal Practice and Procedure,* §448. The court directs that the parties further argue the effect of Rule 15(c) on the right of the plaintiffs to amend their original pleading so as to make the third-party defendant a party defendant in the original action.

The court reserves decision on the plaintiffs' appeal from the action of the Superior Court in dismissing their claim against the defendant McGee and directs further argument in accordance with the rules of court.

*Gunning & LaFazia, Raymond A. LaFazia, V. James Santaniello,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr., Roderick A. J. Cavanagh,* for McGee Parking Service, Inc.—Third-Party Defendant.