· 288 A.2d 502.

Ronald C. Laliberte *et ux. vs.* Providence Redevelopment Agency *et al. vs.* McGee Parking Service, Inc.

MARCH 16, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiffs, Ronald C. Laliberte and his wife Anita Laliberte, brought this action against the defendants, Providence Redevelopment Agency and Pasquazzi Bros., Inc., to recover damages for personal injuries sustained by Anita and consequential damages by her husband when she fell while crossing property owned by the agency.

The accident occurred on October 4, 1966, while Anita was on her way to attend services at a nearby church. Pasquazzi Bros., Inc. had, under a contract with the agency, been hired to demolish certain buildings on the land in question. At the same time the property was leased to McGee Parking Service, Inc., which was operating a parking lot thereon. The public was permitted to cross the land to reach the church mentioned above.

The plaintiffs' amended complaint, dated October 5, 1967, further alleges that Anita was in the exercise of due care, and that the agency and/or Pasquazzi were guilty of negligent maintenance of the property. The plaintiffs also allege that the premises were maintained in a hazardous condition on and before October 4, 1966.

In its answer, Pasquazzi denied any negligence and charged Anita with assumption of the risk.

The agency did likewise, but added a cross-claim against Pasquazzi under a supposed contract of indemnity for such occurrences and it also alleged entitlement to contribution under an alternative claim of joint liability.

Pasquazzi answered the agency by referring to the lease between the agency and McGee. Pasquazzi averred that since this lease was in effect it served to discharge it from any indemnity agreement contained in its contract with the agency.

On April 3, 1968, Pasquazzi brought a third-party complaint against McGee alleging, in the alternative, primary negligence on McGee's part and, therefore, a right to full

indemnification, or joint negligence and a right to contribution.

On May 25, 1968, the agency also filed a third-party complaint against McGee. It alleged that McGee had failed to comply with its lease by not preventing its customers from crossing over the property; that if the agency was held liable to plaintiffs, McGee was primarily negligent, entitling the agency to full indemnification; or that alternatively, if the two were jointly liable the agency was entitled to contribution. McGee answered both third-party complaints with a general denial.

On February 20, 1970, more than two years after she fell, Anita acting pursuant to Super. R. Civ. P. 14(a)[1] filed a direct claim against McGee alleging negligence on the latter's part.

McGee moved to dismiss plaintiffs' direct action against it on the ground that such action was barred by the statute of limitations, G. L. 1956, §9-1-14, which then provided:

"Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

McGee's motion to dismiss was granted by a justice of the Superior Court, and, by order dated April 21, 1970, a judgment of dismissal was entered in plaintiffs' action against McGee. The plaintiffs thereupon filed the instant appeal from the granting of the motion to dismiss.

After hearing argument of counsel we reserved decision and directed counsel to further argue two questions which we felt would be of assistance in resolving this appeal. See *Laliberte* v. *Providence Redevelopment Agency*, 108 R. I. 420, 276 A.2d 466 (1971). The first is whether under Fed. R. Civ. P. 14(a), as amended, in March of 1948, and which

---

[1] A copy of Rule 14(a) is attached to this opinion as Appendix I.

served as the model for our own Rule 14(a),[2] a plaintiff may assert a claim against a third-party defendant after the statute of limitations on the cause has run out but where the third-party defendant was impleaded prior to the expiration of the statutory period. The second question is whether plaintiffs could have defeated the statute of limitations in the instant case if, after compliance with Super. R. Civ. P. 15(a) and 15(b), they had moved to amend the original claim under 15(c)[3] by adding the third-party defendant as a defendant in the original claim. We heard such further argument on November 1, 1971.

The precise question presented for our determination is whether the statute of limitations operates as a bar to a direct claim brought by plaintiffs under either Rule 14(a) or 15(c) after the statutory period has expired, even though the party served with the direct claim was impleaded as a third-party defendant by both original defendants within the statutory period and charged by each with active negligence which directly caused injury to plaintiff. The question presented is one of first impression in this state.

---

[2]Prior to March 19, 1948, the pertinent provisions of Fed. R. Civ. P. 14(a) read:

"The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

In March 1948, pertinent portions of Fed. R. Civ. P. 14(a) were amended so as to read:

"The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 * * * ."

Our own Super. R. Civ. P. 14(a) contains similar language.

[3]A copy of Super. R. Civ. P. 15(a), (b) and (c) is added to this opinion as Appendix II.

## I

We consider first the question whether plaintiffs may under Super. R. Civ. P. 14(a) assert their claims against the third-party defendant after the period of limitation provided in §9-1-14 has expired.

The plaintiffs argue that a party who has notice of pending litigation by having been impleaded as a third-party defendant prior to the expiration of the period of the statute of limitations cannot assert that defense as a bar to a direct claim under Rule 14(a); that the March 19, 1948 amendment of Fed. R. Civ. P. 14(a) drastically altered third-party practice and its effect on the statute of limitations; and that the case of *Lommer* v. *Scranton-Spring Brook Water Service Co.,* 3 F.R.D. 27 (M. D. Pa. 1943), decided prior to the 1948 amendment, and all subsequent cases based on *Lommer,* should be distinguished and not followed after the 1948 amendment. We do not agree.

Prior to the March 1948 amendment, Rule 14(a) provided a defendant with two grounds for impleader. First, a third party could be impleaded if the third party was in any way liable to defendant. This ground has been retained under the 1948 amendment. Second, a third party could be impleaded if the third party was liable directly and solely to plaintiff for the damages claimed in the original complaint. Under Fed. R. Civ. P. 14(a), as amended, a defendant, as a third-party plaintiff, can maintain a third-party action only in a case where the third-party defendant is wholly or partially liable to him.

As stated, *Lommer* was decided prior to March 1948. In that case a death action was brought to recover damages for the wrongful death of plaintiff's husband. Prior to the expiration of the period of the statute of limitations, American Oil Company was served by the defendant with a third-party complaint wherein it was alleged that American Oil Company alone was solely responsible for the damages

claimed by the plaintiff. The plaintiff did not file a motion for leave to amend so as to file a direct claim against American Oil Company until after the statute of limitations had expired. American Oil Company opposed the motion on the ground that the claim was barred by the statute of limitations.

The plaintiff in *Lommer* contended that the motion to amend should have been granted because the object of third-party procedure is to avoid circuity of action and to adjust in one proceeding various phases of a single controversy. The fallacy of this contention, the court pointed out:

" * * * lies in the fact that there can be no further proceedings on the cause of action which she desires to allege against the American Oil Company unless her amendment is allowed. Hence, refusal of plaintiff's motion will not result in the institution of additional actions." 3 F.R.D. at 28.

In upholding American Oil Company's objection to the granting of the motion to amend the District Court said:

"The plaintiff's motion is filed pursuant to the provisions of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides in part: 'The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant.' The courts in construing this provision of Rule 14(a) have dismissed such third-party proceedings where the plaintiff refused to amend the complaint to charge such third-party with liability. (cites omitted) It is obvious, therefore, that the defendant cannot, by instituting third-party proceedings, put in issue the question of liability as between the plaintiff and such third-party. Such issue must be raised by amendment of the complaint setting forth such charge. The third-party proceeding in such case may thus be regarded as authorizing a defendant to gratuitously tender to a plaintiff a person who may be liable directly to the plaintiff which tender the plaintiff may refuse or accept.

When regarded in this light, it must follow that the plaintiff has not accepted such tender and has not put in issue the question of liability of such third-party unless and until he has amended his complaint. Therefore, when the plaintiff seeks to amend his complaint to charge the third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against such third-party defendant, which cause of action is barred by the statute of limitations." 3 F.R.D. at 27-28.

After this case was decided Rule 14(a) was amended as indicated above. *Horan* v. *Pope & Talbot, Inc.,* 119 F. Supp. 711 (E.D. Pa. 1953) was decided in 1953. In 1949, the plaintiff, an employee of Chester Stevedoring Company, sustained injuries on board a vessel owned by the defendant, Pope & Talbot, Inc. To recover damages resulting from his injuries the plaintiff on September 16, 1949, brought an action against Pope & Talbot, Inc. On September 27, 1951, the defendant, Pope & Talbot, Inc., brought in as third-party defendants, Chester Stevedoring Company and Jarka Corporation of Philadelphia. On January 30, 1953, the plaintiff filed a motion for leave to file an amended complaint upon Pope & Talbot, Inc. and Jarka Corporation. The latter urged the denial of the motion on the ground that the plaintiff's right to recover against it was barred by the statute of limitations. In upholding Jarka's position the court said, in reliance on *Lommer, supra*:

"The Federal Rules relating to third-party actions contemplate the avoidance of multiplicity and circuity of actions, but they hardly envision, as contended by the plaintiff, the revival of an action extinguished or barred by the statute of limitations. Lommer v. Scranton-Spring Brook Water Service Company, D.C. Pa. 1943, 3 F.R.D. 27. Also, it is not the purpose of said Rules to prevent a third-party defendant from interposing the defense of the statute of limitations in a

third-party action or in an action brought against said third-party defendant by the original plaintiff where the original plaintiff elects to file and serve an amended complaint. Nor is it the purpose of said Rules to prevent a third-party defendant as here from raising the statute of limitations on a motion by an original plaintiff for leave to file and serve an amended complaint. The latter is true even though the defense of the statute of limitations is not available in the third-party action, since an original plaintiff's request to file and serve an amended complaint on a third-party defendant is in effect an attempt to introduce a new cause of action." 119 F. Supp. at 712.

*Frankel* v. *Back,* 37 F.R.D. 545 (E.D. Pa. 1965), was decided in 1965. On August 7, 1961, the plaintiff in that case brought an action to recover damages for injuries sustained by Carol Powell, a minor, who was a passenger in a car driven by her mother on September 22, 1960. The defendant's car collided head on with the car in which Carol was riding. On September 21, 1961, the defendant filed a third-party complaint against the third-party defendant alleging that said third-party defendant was travelling behind the defendant's car and pushed the defendant's car across the center line causing the collision. On December 22, 1964, after the statute of limitations had expired, the plaintiff filed a motion for leave to amend his complaint to set forth a claim directly against the third-party defendant, John Henry Doerr.

The District Court in *Frankel* pointed out that the basis of the third-party complaint is that the third-party defendant is or may be liable to the original defendant for all or part of the plaintiff's claim against him. Although the court said that *Lommer* was no longer controlling since the March 19, 1948 amendment effectively excluded the filing of a third-party complaint which attempted to allege that the third-party defendant was liable to the original plaintiff on his claim against the original defendant, it de-

nied plaintiff's motion to amend his complaint to assert a claim against the third-party defendant directly. In so doing the court held:

> "The joinder of a third party defendant in and of itself does not assert a claim as between the plaintiff and the third party defendant, but is the assertion of a right by the original defendant against some one not a party to the action. Therefore the disposition of the third party complaint only affects the rights as between the original defendant and the third party defendant." 37 F.R.D. at 547.

The court also held that the filing of a third-party complaint by the original defendant does not toll the running of the statute of limitations on a cause of action between the plaintiff and the third-party defendant.

The sum and substance of the Lalibertes' argument is that those courts are wrong and that, because of the March 19, 1948 amendment, a plaintiff is entitled to assert a claim against the third-party defendant even if the statutory period of limitations has expired. They cite *De Sisto* v. *City of Linden,* 80 N. J. Super. 398, 193 A. 2d 870, to support their position. We have studied the *De Sisto* decision, but are not persuaded to follow it.

We believe that the plaintiffs in the case at bar read more into the March 19, 1948 amended Rule 14(a) than is actually there. We do not believe that the framers of the 1948 amendment intended the drastic result which plaintiffs claim was intended for Fed. R. Civ. P. 14(a), as amended, after the decision in *Lommer.* It is reasonable to assume that those charged with the responsibility of amending the Federal Rules were familiar with the *Lommer* decision. If they intended the result for which plaintiffs argue, they could have and, in our opinion, would have said so in clear and unambiguous language. Indeed, we are convinced that if they intended to revive a cause of action

which had expired by the mere passage of the statutory period of limitations, they would have expressly said so.

Nor do we believe that the deletion of the words "may amend his pleadings to," by the 1948 amendment, has any legal significance. What these words meant was merely that in order to assert a claim against the third-party defendant it was necessary, in the very nature of things, to say so and to do something about it, namely, to amend the pleadings to include the assertion of a claim against the third-party defendant. This is true even under the amended rule; it is still necessary to amend the pleadings when a plaintiff proposes to assert a claim against the third-party defendant.

The text writers in their consideration of Rule 14 as it appears in the Federal Rules of Civil Procedure, which is similar to our own Rule 14(a), consistently hold that the assertion of claims against an impleaded party beyond the period of the statute of limitations is barred.

1A Barron & Holtzoff, *Federal Practice and Procedure*, §427 (Wright ed. 1960) at 703, states:

> "The filing of the original complaint against the defendant or third-party plaintiff tolls the statute of limitations. However, if the original plaintiff seeks to amend his complaint to charge a third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against the third-party defendant, which is barred by limitations."

With respect to the effect of the 1948 amendment, see 3 Moore, *Federal Practice*, ¶14.09 (2d ed. 1968) at 536, where Professor Moore says:

> "The provision allowing the plaintiff to assert a claim against the third-party defendant is also subject to the applicable statute of limitations. The plaintiff may not amend to state a claim against the third-party defendant where the statute has run on his claim at the time of the amendment. The same rule obtained under the original practice which permitted the

defendant to implead a third party on the ground of direct liability to the plaintiff."

We agree with the reasoning of the courts in *Lommer, Horan* and *Frankel,* all *supra,* and with the statement of the rule by the above-mentioned text writers. As indicated above, our own Rule 14(a) was taken from Federal Rule 14(a), as amended in March 1948. It is a well-settled rule that in construing a statute which has been taken from another state, decisions of that state are entitled to great weight. *Williams* v. *Rhode Island Hospital Trust Co.,* 88 R. I. 23, 45, 143 A.2d 324, 326 (1958); *Gemma* v. *Rotondo,* 62 R. I. 293, 299, 5 A.2d 297, 300 (1939). Since our own Rule 14(a) was modeled on Federal Rule 14(a), as amended, we should follow the construction put on it by the federal courts, unless there is strong reason to do otherwise. *See Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 11, 227 A.2d 582, 584 (1967). We find no such reason here and therefore hold that plaintiffs cannot assert any claim under our Rule 14(a) against McGee, the third-party defendant, after the statute of limitations has run even though such third-party defendant was impleaded within such statutory period.

## II

We consider next the question whether plaintiffs could have defeated the statute of limitations in the case at bar if, after compliance with Rule 15(a) and 15(b), they had moved to amend the original complaint under Rule 15(c)[4] by adding the third-party defendant as a defendant in the original action.

The plaintiffs contend that a direct claim made by a plaintiff pursuant to Rule 15(c) relates back to the original

---

[4]Our Rule 15(c) is taken from Federal Rule 15(c), as amended. The final sentence of Rule 15(c) is based upon a 1964 proposal to amend Federal Rule 15(c). *See* 1 Kent, Reporter's Notes at 149. The proposed amendment to Federal Rule 15(c) was adopted in 1966. *See* 1 Kent, §15.6 at 154.

pleading if the impleaded party had notice of the cause within the period of the statute of limitations.

Rule 15(a) provides for the amendment of the pleadings and 15(b) prescribes the procedure for amending the pleadings to conform to the evidence. Rule 15(c)[5] is the relating-back clause, so-called, of Rule 15. It reads as follows:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1), has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

Rule 15(c) does not apply to the facts of the case at bar. The two conditions precedent set forth in 15(c) are not present; neither the original complaint nor the third-party complaints are sufficient to alert the third-party defendant "that but for a mistake the action would have been brought against [it]." We agree with the philosophy underlying rules of procedure as expressed in *Conley* v. *Gibson*, 355 U. S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, where the Court said in discussing the Federal Rules:

> "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading·is to facilitate a proper decision on the merits."

---

[5]For a discussion of Rule 15(c), see 1 Kent, *R.·I. Civ. Prac.* at 149-50, and §15.6 at 153-54. *See also* a discussion of the 1966 amendment of Fed. R. Civ. P. 15(c) in 3 Moore, *Federal Practice,* ¶15.15 [4.-2] (2d ed. 1968). *See also* 1A Barron and Holtzoff, *Federal Practice and Procedure,* §448.

However, the mandate that the rules governing procedure in the Superior Court "shall be construed to secure the just, speedy, and inexpensive determination of every action" does not do away with the requirement of compliance with conditions expressly prescribed therein. The burden of showing that the third-party defendant "knew or should have known that but for a mistake the action would have been brought against [it]" was on the plaintiffs. As stated above they have not sustained that burden and consequently have failed to comply with one of the conditions precedent. The federal cases cited in the briefs of the plaintiffs, having been decided prior to the effective date of the amendment to Federal Rule 15(c), are not relevant here and therefore require no discussion. For the reasons stated we hold that the plaintiffs could not have defeated the statute of limitations if they had moved to amend the original claim under Rule 15(c).

The judgment is affirmed.

Mr. Chief Justice Roberts, dissenting. The majority have concluded that a primary plaintiff may not under Super. R. Civ. P. 14(a) assert a claim against a third-party defendant after the period of limitations provided in §9-1-14 has run even though the third-party defendant was impleaded prior to the expiration of the statutory period. With this conclusion I disagree. As authority for this position the majority rely, in my opinion, on the conclusions of the two leading text writers on the Federal Rules of Civil Procedure that the running of the statutory period bars the assertion of a claim by the plaintiff against the third-party defendant as provided for in Rule 14(a).

1A Barron & Holtzoff, *Federal Practice and Procedure,* §427 (Wright ed. 1968) at 703, does state: "The filing of the original complaint against the defendant or third-party plaintiff tolls the statute of limitations. However, if the original plaintiff seeks to amend his complaint to charge a

third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against the third-party defendant, which is barred by limitations." Again, in 3 Moore, *Federal Practice,* ¶14.09 at 536 (2d ed. 1968), the text writer said: "The provision allowing the plaintiff to assert a claim against the third-party defendant is also subject to the applicable statute of limitations. The plaintiff may not amend to state a claim against the third-party defendant where the statute has run on his claim at the time of the amendment."

In my opinion, however, it is significant that both text writers rely primarily on *Lommer* v. *Scranton-Spring Brook Water Service Co.,* 3 F.R.D. 27 (M.D. Pa. 1943), a case in which the United States District Court for the Middle District of Pennsylvania held, in effect, that the impleading of a third-party defendant did not toll the statute of limitations with respect to claims of the primary plaintiff against the third-party defendant. The court was interpreting Rule 14(a) in the form in which it stood prior to its being amended in 1948. Equally significant is the fact that both text writers rely on two subsequent cases, *Horan* v. *Pope & Talbot, Inc.,* 119 F.Supp. 711 (E.D. Pa. 1953), and *Hankinson* v. *Pennsylvania R.R.,* 160 F.Supp. 709 (E.D. Pa. 1958). In each of these cases the court, deciding that the plaintiff could not assert his claim under Rule 14(a) against the third-party defendant after the statute of limitations had run, expressly relied upon the decision in *Lommer* in reaching that conclusion. Thus, it is important to recognize that the authorities upon which the text writers rely were decided on the basis of an interpretation of the rule as it stood prior to the 1948 amendment.

At the threshold, it is to be noted that the status of *Lommer* as an authority for the view therein stated has been substantially eroded by a second decision of the same court

between the same parties, to wit, in *Lommer* v. *Scranton-Spring Brook Water Service Co.*, 4 F.R.D. 104 (M.D. Pa. 1944). In the first *Lommer* case the plaintiff's motion was for leave to amend the complaint to charge the third-party defendant with liability, and this motion was filed some 40 days after the statutory period of limitations had expired. The court denied and dismissed this motion on the ground that the plaintiff was seeking to amend his complaint so as to charge the third-party defendant with liability after the period fixed by the statute of limitations had run and was, in effect, seeking to state a new cause of action against the third-party defendant, which cause of action was barred by the statute of limitations.

However, a year later in the second *Lommer* case the third-party defendant was before the court on a motion to dismiss the third-party proceedings on the ground that no one on the record could recover from it. The court noted at 104 that if the proper construction of Rule 14 "* * * is that it makes it essential that the plaintiff amend its complaint and include the third-party defendant, in order that the case be at issue as between the plaintiff and the third-party defendant * * *," the motion should be granted. However, if the proper interpretation is otherwise, its motion must be dismissed.

The court, then, quoting Rule 14(a) in its prior form wherein the plaintiff was required to amend his pleadings to assert a claim against the third-party defendant, referred to a claim "of alleged liability over to the defendant only," where no direct liability existed between the original plaintiff and the third-party defendant. The court went on to say, however, that there is nothing in that rule nor in any decision construing it which indicates that it is essential to the *survival of the plaintiff's cause* of action against the third-party defendant that the plaintiff amend his complaint to include the third-party defendant as a

party to the original complaint. It went on to say at 104: "In fact, in the case of direct liability of third-party defendant to the plaintiff, *the third-party complaint itself presents an issue between the third party and plaintiff and makes them opposing parties without amendment in respect to plaintiff's original claim;* whereas, in the case of alleged liability over to the defendant only, no issue is presented between plaintiff and third party; and, if the plaintiff desires to make such an issue, he probably must amend. The former is the case at bar." (emphasis mine)

It is obvious that in the second *Lommer* case the court was holding that where the allegations of the third-party complaint alleged the third party's direct liability to the plaintiff on the claim set out in the plaintiff's complaint, there is a case of alleged direct liability, and an amendment is neither necessary nor required. Where such is the case, the plaintiff and the third party are at issue as to their rights respecting the claim, and an amendment is not required.

I am constrained to conclude that in the second *Lommer* case the court recognized that under the rule in its prior form a third-party defendant could be impleaded under circumstances which would toll the running of the statute against the plaintiff at the time he was so impleaded. I am unable to otherwise understand what the court meant when it stated that under the rule in its prior form it was not essential to the *survival of the plaintiff's cause of action against the third-party defendant* that the plaintiff amend his complaint to include the third-party defendant. To the contrary, I am persuaded that the court recognized the basic proposition that where the third-party complaint indicated direct liability on the part of the third-party defendant to the plaintiff and the third-party defendant was impleaded on such complaint, the running of the statute as it affected the plaintiff was tolled.

I turn now to Rule 14(a) and the effect upon its operation by reason of the amendment thereof in 1948. As a result of such amendment, the rule was substantially altered in several respects. This, in my opinion, was intended to give effect to the basic purpose of the rule governing third-party practice, which primarily was to avoid a separate trial involving a repetition of testimony and to insure more consistent judgments on related claims. *Gorn* v. *Kolker*, 213 Md. 551, 133 A.2d 65 (1957). In *Kappish* v. *Lotsey*, 76 N.J.Super. 215, 221, 184 A.2d 17, 21 (1962), the New Jersey court, after the rule had been amended, even more pointedly stated its purpose as providing "* * * a simple and expeditious means of adjudicating in one action with all parties present, before the same judge, all of the issues of fact and law *germane to the asserted actionable wrong,* and to thus avoid circuity of action, duplication of evidence, multiplicity of suits, as well as the delay and expense incidental to such wasteful practice." (emphasis mine)

The rule in its prior form provided that "[t]he plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." Thus, the rule in its original form clearly imported into the third-party practice the common-law pleading concept that the addition of a party to an action already instituted could be accomplished only by an amendment of the complaint in which a cause of action against the party to be joined was set out. Obviously, if the statute had run against such cause of action, it would be barred.

The amendment of the rule in 1948 clearly was intended to simplify this procedure. The rule now provides that "[t]he plantiff may assert any claim against the third-party defendant arising out of the transaction or occurrence

that is the subject matter of the plaintiff's claim against the third-party plaintiff * * *." The elimination from the rule of the requirement for the amendment of the complaint to assert a claim against the third-party defendant by the plaintiff can only have been intended to achieve more effectively the purposes of the rule by providing the plaintiff with the right to assert a direct claim against the third-party defendant upon his being impleaded by the third-party plaintiff.

This, in my opinion, makes clear the position I take in dissent. It is my view that under the amended rule the third-party defendant, upon being impleaded by the third-party plaintiff, becomes for all purposes and intents a party to the action. Upon becoming such a party in opposition to the plaintiff, the statute of limitations is tolled with respect to the cause of action arising out of the occurrence or transaction which is the subject matter of the plaintiff's claim against the third-party plaintiff. In my opinion, the above-quoted amendment, eliminating the requirement that the pleadings be amended, makes irrelevant the conclusion of the court in *Horan* v. *Pope & Talbot, Inc.*, 119 F.Supp. 711 (E.D. Pa. 1953). In other words, I am not contending that the rule operates to revive an action extinguished or barred by the statute of limitations. Rather, I contend that the statute of limitations is tolled by the impleading of the third-party defendant.

Other provisions of the rule, as amended, add persuasive force to my view that the impleading of the third-party defendant has the effect of making him a party to the action brought by the plaintiff against the third-party plaintiff. For example, the rule, as amended, gives a third-party defendant, upon being impleaded, standing to assert defenses and claims that under our system of pleading puts him in the same posture as a party defendant in the original action. First, it gives the third-party defendant stand-

ing to assert any defense that the third-party plaintiff had against the plaintiff's original claim. It is my opinion that the decision of the court in *Frankel* v. *Back,* 37 F.R.D. 545, 548 (E.D. Pa. 1965), was based on a misconception of the issue. Contrary to that opinion, I feel that making available to the third-party defendant defenses that the third-party plaintiff could have asserted against the original plaintiff confers upon the plaintiff standing to assert claims against the third-party defendant.

Further, the amended action gives the third-party defendant standing to assert against the plaintiff any claim he may have arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. Again, the amended rule clearly gives the third-party defendant the same standing as a party that he would have acquired had he been joined in the original complaint with the third-party plaintiff.

It is, then, my opinion that under the amended rule the third-party defendant, upon being impleaded, becomes a party to the action brought by the plaintiff against the third-party plaintiff and that at that time the running of the statute of limitations with respect to that action is tolled. I conclude that the claim asserted here against the third-party defendant by the plaintiff was not barred by the running of the statute of limitations.

Mr. Justice Powers concurs in the dissent of Mr. Chief Justice Roberts.

## APPENDIX I

Rule 14. Third-party practice.—(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he

files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant shall assert his defenses as provided in Rule 12 and his counterclaims and crossclaims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against a plantiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

## APPENDIX II

Rule 15. Amended and supplemental pleadings.— (a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served.

Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Amendments shall be embodied in a fair copy of the whole paper as amended, which shall be substituted for the original unless otherwise ordered by the court. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

(c) Relation Back of Amendments. Whenever the claim of defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he

would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him.

*Gunning, LaFazia, Gnys & Selya, Raymond A. LaFazia, Edward P. Sowa, Jr.,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.,* for third-party defendant, McGee Parking Service, Inc.