Stepping Stone's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

**Donna M. SILVA et al.**

v.

**The HOME INDEMNITY CO. et al.**

v.

**Louis M. PUCINO.**

**No. 78–207–Appeal.**

Supreme Court of Rhode Island.

July 1, 1980.

Quinn, Cuzzone & Geremia, Cameron P. Quinn, Providence, for plaintiffs.

Gunning, LaFazia & Gnys, Inc., Netti C. Vogel, Providence, for The Home Indemnity Co., et al.

Delphis R. Jones, North Kingstown, for Louis M. Pucino.

## OPINION

WEISBERGER, Justice.

The plaintiffs Manuel J. Silva and Donna M. Silva were respectively the owner and operator of a motor vehicle that was involved in an accident on January 14, 1975, with a vehicle operated by the defendant Joseph Pucino and owned by the third-party defendant Louis Pucino, both of whom were allegedly uninsured. Plaintiff Manuel Silva was covered by an insurance policy issued by the defendant Home Indemnity Company, which policy, among other coverages, afforded protection against injuries caused by uninsured motorists. The plaintiff Ernest Moreira was a passenger in the Silva vehicle at the time of the accident. Plaintiffs Donna Silva and Ernest Moreira sought recovery against defendant Home Indemnity Company for personal injuries, and plaintiff Manuel Silva sought recovery for damage to his motor vehicle. The injury to person and property allegedly arose out of the negligence of the uninsured operator, Joseph Pucino, who was alleged at the time of the filing of the complaint to be both owner and operator. As a result of the propounding of interrogatories, Joseph Pucino disclosed, on or about August 16, 1976, that the owner of the motor vehicle that he was driving on the date of the accident was Louis M. Pucino (not then a party to the suit).

The original action was brought in the District Court and was tried on April 18, 1978. A District Court justice entered judgment on behalf of Donna Silva against defendant Home Indemnity Company and defendant Joseph Pucino in the amount of $4,000 plus interest and costs. Judgment in the same amount was entered on behalf of plaintiff Ernest Moreira against defendants Home Indemnity Company and Joseph Pucino. The claim for property damage filed by plaintiff Manuel Silva was not pursued, and no judgment was entered in respect to that claim. Judgment was entered on behalf of Home Indemnity Company on its cross-claim against codefendant Joseph Pucino in the full amount of the judgments against Home Indemnity Company. On April 20, 1978, defendant Joseph Pucino claimed an appeal to the Superior Court and demanded a trial by jury. Subsequently, on April 26, 1978, defendant Home Indemnity Company filed a third-party complaint against Louis M. Pucino seeking recovery for amounts it might be required to pay plaintiffs. The third-party defendant Louis M. Pucino was served with process on May 5, 1978. Thereafter, he filed a motion to dismiss the third-party action on the ground that it was barred by the statute of limitations since the third-party complaint was brought more than three years after the date of the accident.[1] On May 15, a Superior Court justice granted the motion to dismiss. This appeal by third-party plaintiff Home Indemnity Company ensued. The requirements of Rule 54(b) of the Superior Court Rules of Civil Procedure were satisfied by entry of an order by another justice of the Superior Court which directed the entry of a final judgment on this third-party claim.

The sole issue raised by this appeal is whether the claim of Home Indemnity Company (Home) against Louis Pucino (Louis) is barred by the three-year statute of limitations. Home argues that it has a right of indemnity against Louis, pursuant to which its right of action would not arise

---

1. General Laws 1956 (1969 Reenactment) § 9-1-14, as amended by P.L.1976, ch. 188, § 1, reads as follows in pertinent part:

"Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

until payment "discharging the common liability has been made." Home further asserts that indemnity actions would be governed by a six-year statute rather than the three-year statute of limitations applicable in actions for personal injuries. *See Helgerson v. Mammoth Mart, Inc.*, 114 R.I. 438, 335 A.2d 339 (1975). Louis argues that Home's right is not based upon principles of indemnity but is solely premised upon its contractual right of subrogation under which it is subject to all of the rights and disabilities which would relate to an action brought by its insured, including statutory limitations upon personal-injury actions.

In this state the right of indemnity is preserved by statute, G.L.1956 (1969 Reenactment) § 10–6–9. We have recognized that although the right to indemnity traditionally arose from a contract, express or implied, modern law indicates a trend to allow indemnity on the basis of equity—for example, when one person is exposed to liability by the wrongful act of another in which he does not join. *Helgerson v. Mammoth Mart, Inc.*, 114 R.I. at 441, 335 A.2d at 341. Indemnity has been defined in the Restatement of *Restitution* § 76 at 331 (1936) as arising under the following circumstances:

> "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

The Restatement, however, in its comment, specifically states that

> "[t]he rule does not apply to a payment by a person who guarantees or insures another against a payment for which the guarantor or insurer is not himself liable since the duty of indemnity and the right to subrogation of such persons are wholly dependent upon the contract or agreement with the other." *Id.* comment b. at 332.

The Restatement goes on to illustrate the existence of a right of indemnity between surety and principal, between an accommodation endorser and the maker of a promissory note, and between a shareholder who has paid creditors of a corporation and the corporation itself. In addition to the foregoing situations, a right of indemnity may arise between master and servant, when the servant's negligent conduct has caused the master to become liable to a third party. *Id.* § 96 at 418–19.

Because an insurance contract is a contract of indemnity, the right of the insurer against a tortfeasor may sometimes be referred to loosely as a right of indemnity. This theory, however, was rejected by the Supreme Court of the United States in *St. Louis Iron Mountain & Southern Railway v. Commercial Union Insurance Co.*, 139 U.S. 223, 235, 11 S.Ct. 554, 557, 35 L.Ed. 154, 157 (1891), in which Mr. Justice Gray observed:

> "In fire insurance, as in marine insurance, the insurer, upon paying to the assured the amount of a loss of the property insured, is doubtless subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. But the right of the insurer against such other person does not rest upon any relation of contract or of privity between them. It arises out of the nature of the contract of insurance as a contract of indemnity, and is derived from the assured alone, and can be enforced in his right only. By the strict rules of the common law, it must be asserted in the name of the assured; in a court of equity or of admiralty, or under some state codes, it may be asserted by the insurer in his own name; but in any form of remedy the insurer can take nothing by subrogation but the rights of the assured; and if the assured has no right of action, none passes to the insurer."

A similar question was presented in *Great American Insurance Co. v. United States*, 575 F.2d 1031 (2d Cir. 1978), where an insurer which had paid a claim for damage done to an apartment brought an action under the Federal Tort Claims Act alleging that such damage was caused by the negligence of United States marshals. The action was

dismissed because the two-year statute of limitations had run prior to the commencement of the action against the United States. In that case, as in the case at bar, the insurance company claimed that its cause of action did not arise under its alleged right of indemnity until the claim was paid to its insureds. In response to this argument, the Court of Appeals for the Second Circuit observed:

> "The theory is admittedly novel. There is not a single reported case in American jurisprudence cited by appellant or discovered by this court which holds that upon an insurance carrier's payment to its insured, the insurer becomes vested with a claim arising out of an implied contract of indemnity with the tortfeasor who caused the damage necessitating payment by the carrier to the insured. On the contrary, the authorities and cases unanimously hold that the insurer's recovery is premised exclusively upon subrogation which, while equitable in nature, is also expressly provided for in the insurance contract here.[2]

> "The Standard Fire Insurance Policy itself is, of course, a contract of indemnity, but it runs between Great American and its named insureds. The United States is not a party to that contract of indemnity and the insurer's right as a compensated indemnitor to recover the loss it has incurred is fixed by the policy's subrogation clause, which in effect makes Great American an assignee subject to whatever defenses the tortfeasor may have against the insured." *Id.* at 1033–34.

The court went on to hold that the insurer was subject to the same statute of limitations that would have governed an action brought by the insured against the United States. Although the insurer had delayed bringing its action against the United States while it litigated its liability to its insured, the court rejected any basis for the need of extraordinary judicial relief in such a situation.

Similarly, in *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975), an insurer of a trucking company brought an action against the manufacturer and seller of the truck for indemnity for monies paid to the May Trucking Company because a truck and trailer covered by the policy of insurance had run off the highway and were damaged by reason of the defendant's negligence and breach of warranty. The defendants raised the statute of limitations which had run as to both the claims for breach of warranty and for negligence. The Supreme Court of Idaho drew a distinction between the right of subrogation and the right of indemnity:

> "Subrogation, in its broadest sense, is the substitution of one person for another, so that he may succeed to the rights of the creditor in relation to the debt or claim and its rights, remedies and securities. The doctrine is derived from the civil law from which it has been adopted by the courts of equity [quoting *Williams v. Johnston*, 92 Idaho 292, 298, 442 P.2d 178, 184 (1968)].

> " * * *

> "The common law right of indemnity, on the other hand, refers to those situations where a person who without fault on his part is compelled to pay damages occasioned by the negligence of another.

> " * * *

> "The final distinction between subrogation and indemnity which is the key to this appeal, is the effect each has on the statute of limitation. An insurer's claim by subrogation is derivative from that of the insured, and it is subject to the same statute of limitation as though the action were sued upon by the insured. *Sunset Sternau Food Co. v. Bonzi*, 60 Cal.2d 834, 36 Cal.Rptr. 741, 389 P.2d 133 (1964);

---

2. For illustrative authorities supportive of this position, *see, e. g., St. Louis Iron Mountain & Southern Railway v. Commercial Union Insurance Co.*, 139 U.S. 223, 11 S.Ct. 554, 35 L.Ed. 154 (1891); *Williams v. Globe Indemnity Co.*, 507 F.2d 837 (8th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1679, 44 L.Ed.2d 101 (1975); *Liverpool & London & Globe Ins. Co. v. Otis Elevator Co.*, 175 F.2d 832 (4th Cir. 1949); 16 Couch, *Cyclopedia of Insurance Law* § 61:230 at 367 (2d ed. 1966); Vance, *Handbook on the Law of Insurance* § 134 (3d ed. 1951).

*Early v. Rooney,* 49 Wash.2d 222, 229 P.2d 209 (1956) * * *." *Id.* at 321–22, 543 P.2d at 1161–62.

Similar principles were applied in *Williams v. Globe Indemnity Co.,* 507 F.2d 837 (8th Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1679, 44 L.Ed.2d 101 (1975). In that case an employer was covered by a crime policy issued by the Globe Indemnity Company. The employee's embezzlement of his employer's funds was discovered by March 12, 1970, and the carrier made payment to the employer on August 31, 1970. On June 7, 1973, Globe brought a diversity action against Williams. This action, according to the Court of Appeals for the Eighth Circuit, was barred under the applicable three-year statute of limitations. Globe argued that its cause of action was in indemnity and thus accrued not at the time of the discovery of embezzlement but at the time of payment. The court of appeals rejected this contention and held that Globe possessed no separate right of indemnity; rather, it could assert only those subrogation rights derived from the employer. As a consequence, its right of action was barred by the statute of limitations. *Id.* at 839–40.

Such a result is implicitly recognized in *Hospital Service Corp. of Rhode Island v. Pennsylvania Insurance Co.,* 101 R.I. 708, 227 A.2d 105 (1967), in which we discussed at length the right of subrogation which would accrue to a hospital service corporation that had furnished to its subscriber hospital treatment made necessary by reason of the actions of a tortfeasor. Although we did not consider the hospital service corporation to be engaged in the insurance business, its right of subrogation bears a strong analogy to that of an insurer. In respect to this right, we declared that

> "[t]he right of subrogation may be lost by delay or any conduct by the subrogee which can be construed as a waiver or estoppel. The subrogee may be barred if his subrogor settles with the tort-feasor

before payment has been made by the subrogee or if the tort-feasor in good faith and without notice of the subrogee's payment effectuates a settlement with the subrogor." *Id.* at 718–19, 227 A.2d at 112.

Thus our holding clearly indicates that the subrogee is entitled to all of the rights and disabilities which could be asserted in an action by the subrogor, except that one, who with knowledge of subrogation settles with the subrogor, may still be liable to the subrogee. These principles are consonant with our holding in *Helgerson v. Mammoth Mart, Inc., supra,* but simply recognize a distinction between the right of indemnity and the rights arising out of subrogation on the part of an insurer or one who stands substantially in the position of an insurer.

 Applying these principles to the case at bar, it is clear that Home may recover, if at all, on the basis of its subrogation to the rights that its insured would have had against Louis Pucino. Such rights would have been barred by the running of the statute of limitations in regard to actions for personal injury set forth in G.L. 1956 (1969 Reenactment) § 9–1–14, as amended by P.L.1976, ch. 188, § 1, which provides that "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."[3] This statute of limitations is not extended by Rule 14(a) of the Superior Court Rules of Civil Procedure which allows the joining of a third-party defendant who may be liable to the principal defendant for all or part of any judgment that may be rendered against the principal defendant. In *Laliberte v. Providence Redevelopment Agency,* 109 R.I. 565, 575, 288 A.2d 502, 508 (1972), we specifically held that Rule 14(a) would not authorize the assertion of a claim against a third-party defendant after the statute of limitations has run, even though such third-party defendant was impleaded within the statutory period. *A fortiori* the assertion of a claim against a third-party defendant who

---

**3.** In the present action the statute of limitations had expired three years from the date of the

accident, January 14, 1975, and prior to the impleading of Louis on April 26, 1978.

is impleaded after the running of the statutory period could not be authorized under this third-party-practice rule. *Frankel v. Back*, 37 F.R.D. 545 (E.D.Pa.1965); *Horan v. Pope & Talbot, Inc.*, 119 F.Supp. 711 (E.D.Pa.1953); *Lommer v. Scranton-Spring Brook Water Service Co.*, 3 F.R.D. 27 (M.D. Pa.1943); *Insurance Co. of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971).

Since the claim against Louis was clearly barred by the statute of limitations prior to his being added as a third-party defendant, the trial justice was correct in granting the motion to dismiss the third-party complaint.

For the reasons stated, Home's appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the case is remanded to the Superior Court for further proceedings in respect to the claims not heretofore adjudicated.