**NIELS JEPPESEN, et al., Plaintiffs**

**v.**

**V.I. PLEASURE BOATS, INC., Defendant and
Third-Party Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS,
Third-Party Defendant**

Civil Nos. 18, 69, 70, 101, 714–724/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 26, 1984

CHARLOTTE POOLE DAVIS, ESQ., St. Thomas, V.I., *for plaintiffs Moses, Allen, and Davis*

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for plaintiffs Niels and Patricia Jeppesen*

DON C. MILLS, ESQ., St. Thomas, V.I., *for plaintiffs Magras, et al.*

FREDERICK J. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for defendant and third-party plaintiff*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for third-party defendant*

ROSS, *Judge*

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This matter is before the Court on plaintiffs'[1] motions to amend their complaint to assert a direct tort action against the third-party defendant, Government of the Virgin Islands, pursuant to Rule 15(a) and (c), Federal Rules of Civil Procedure. For the reasons set forth below, the plaintiffs' motions to amend will be denied, except for plaintiffs Allen, Moses, and Davis' motions which will be granted.

## II. FACTS

The plaintiffs brought the instant action against defendant and third-party plaintiff, V.I. Pleasure Boats, Inc. (Pleasure Boats) for losses allegedly sustained on or about January 1, 1981, when their boats were destroyed by fire through the negligence of the defendant. On or about April 2, 1981, all of the plaintiffs, except Leo Gardner, filed their notice of intent to file a claim against the Government with the Office of the Governor. The complaints of each of the respective plaintiffs were filed sometime between February 3, 1981, and August 25, 1981, in this Court. Subsequently, on or about October 15, 1981, Pleasure Boats moved to join the Government as a third-party defendant. On October 22, 1981, plaintiffs Moses, Allen, and Davis filed a motion to amend their complaints to include a direct action against the Government. On January 11, 1982, the Court granted Pleasure Boats' motion to join the Government as a party. On October 27, 1981, the Court consolidated all of the cases on the ground that they arose out of the same occurrence, involved the same defendants, and contained common questions of law and fact. No ruling was ever made by the Court on plaintiffs Moses, Allen, and Davis' motion to amend. Neither did any of these plaintiffs take

---

[1] There are 16 plaintiffs in this action, i.e., Henry Magras, Robert L. Wilson, Michael Dudovick, Robert Francis, Harold Trosley, Jay Van Veen, Robert Parsons, Aubrey Callwood, Pedrito Blyden, Filimon Duran, Jr., Leo Gardner, Juan Davis, Quentin Moses, Cecil Allen, Niels Jeppesen, and Patricia Jeppesen. All of the plaintiffs, except Niels and Patricia Jeppesen, have filed motions to amend their complaint to assert a direct tort claim against the Government. Hence, with respect to the instant motion, all references to the plaintiffs henceforth do not include the Jeppesens.

any steps to remind the Court of the outstanding motions notwithstanding the well-publicized change in Court personnel.

## III. DISCUSSION

The first issue to be addressed by the Court relates to the procedural requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 et seq., to the case sub judice.

In construing the procedural requirements of the Tort Claims Act, the District Court of the Virgin Islands (Christian, C.J.) states that:

> [u]nder the terms of 33 V.I.C. § 3409, "no judgment shall be granted in favor" of an individual with a tort claim against the Government unless that claimant files an administrative claim within ninety days after the accrual of the claim. The formal claim is to be filed with the Office of the Governor and a copy is to be served upon the Attorney General. 33 V.I.C. § 3410. In the alternative, the claimant may file a "written notice of intention" with the Offices of the Governor and the Attorney General. By so doing, the claimant is thereby afforded two years from the date on which the claim had accrued to file the formal administrative claim.

Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982).

█ In the instant case, all of the plaintiffs, except Leo Gardner, filed a notice of intention to file a tort claim with the Office of the Governor within the ninety-day filing period. However, all of the plaintiffs, including Leo Gardner, have failed to file an administrative tort claim within two years from the date on which the claim accrued. Consequently, plaintiff Gardner's motion to amend to file a direct action against the Government shall be denied summarily for failing to comply with the procedural requirement of the Tort Claims Act.

With respect to the remaining plaintiffs, the Court shall divide them up into two groups for the sake of convenience in discussing their respective claims. The first group consisting of plaintiffs Magras, Francis, Van Veen, Duran, Callwood, Trosley, Wilson, Dudovick, Blyden, and Parsons shall be referred to as "Group A". The second group consisting of plaintiffs Moses, Allen, and Davis shall be referred to as "Group B".

## Group A

Group A seeks leave to amend its complaint to assert a direct tort action against the Government, pursuant to Rule 15, Federal Rules of Civil Procedure, by motion filed November 2, 1983. The Government strenuously opposes its motion and "contends that Rule 15 was never intended to benefit the plaintiff who sleeps on his rights and [thereby allows the statute of limitations to expire]." Instead, the Government argues, "Rule 14(a) of the Federal Rules of Civil Procedure . . . governs [this case as it involves] third-party practice." The Court agrees.

Rule 14(a) states in pertinent part that

> [a]t anytime after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . . . The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses . . . .

██ The purpose of Rule 14(a) is to avoid the "multiplicity and circuity of actions; [it does not, however,] envision . . . the revival of an action . . . barred by the statute of limitations." Horan v. Pope & Talbot, Inc., 119 F.Supp. 711, 712 (E.D. Pa. 1953).

██ On January 11, 1982, this Court granted Pleasure Boats' motion to join the Government as a third-party defendant. However, "the filing of [the] third-party complaint . . . does not toll the running of the statute of limitations on a cause of action between the [plaintiffs in either Group A or B and the Government]." Frankel v. Back, 37 F.R.D. 545, 547 (E.D. Pa. 1965). Moreover,

> [t]he joinder of a third-party defendant in and of itself does not assert a claim as between the plaintiff and the third-party defendant, but is the assertion of a right by the original defendant against someone not a party to the action. Therefore the disposition of the third party complaint only affects the rights as between the original defendant and the third party defendant.

Id. To assert an administrative claim and a direct cause of action against the Government, it was necessary for both the Group A and B plaintiffs to take independent action within the remaining period

before the statute of limitations expired. This is so because when a plaintiff seeks to amend his complaint to assert a cause of action against a third-party defendant, he is essentially seeking to state a new cause of action which, of course, is subject to the statute of limitations. See, Penn v. Devcon International Corp., Civil No. 75/299, 1976, St. T. Supp. 265 (D.V.I. November 15, 1976); Horan, supra, at 712; Carlise v. Monongahela Railway Co., 16 F.R.D. 426, 427 (W.D. Pa. 1954).

██ Furthermore, the Group A's reliance on Rule 15(a), Federal Rules of Civil Procedure, and the cases it cites in support is misplaced. While it is true that Rule 15(a) permits amendments of pleadings where justice so requires, the rule is applicable only to those situations "where the party seeking [the] amendment has heretofore asserted a claim against another party to the action and is merely amending that pleading to assert a further claim against the same party, enlarge his original claim, or to have the pleadings conform to the proofs adduced at . . . trial." Frankel, supra, at 548. See, Penn, supra, at 266. Group A has never filed an administrative tort claim nor a direct cause of action against the Government. The fact that Group A filed notices of intention to file a tort claim in a timely manner is immaterial to the issue of whether the administrative tort claim was actually filed. The Tort Claims Act expressly states that such claims must be filed within two years after the date of their accrual. See, Pickering v. Government of the Virgin Islands, supra; Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. 1982). This Group A failed to do. Additionally, Group A has never filed a direct cause of action against the Government. To now allow the Rule 15(a) amendment would amount to an original claim against the Government after the statute of limitations has run. Such action is impermissible. Accordingly, Group A's motion to amend to assert a direct claim against the Government will be denied.

### Group B

Group B likewise seeks leave to amend its complaint to assert a direct cause of action against the Government, pursuant to Rule 15, Federal Rules of Civil Procedure. The gist of Group B's contention is that since the Court did not act upon its motion to amend, which was filed on October 22, 1981, the Court should now grant its present motion nunc pro tunc. Additionally, Group B contends that "[t]here is no question that the amended pleadings relates [sic] back to the original complaint or that the Government had knowledge of this

matter as evidenced by the Notice of Intention to File Claim dated April 2, 1981 and their [sic] joinder in this case by the January 11, 1982 Order."

Needless to say, the Government also strenuously objected to Group B's motion to amend and contends that the relief sought should not be granted on the ground that these plaintiffs "allow[ed] their previous motion to go unaddressed for approximately two years without notifying the court by letter or motion that a ruling is [sic] needed, and [further] allow[ed] the statute of limitations period to expire without even serving the Government with notice of their motion." The Court disagrees.

■■ Notwithstanding the period of more than two years which has elapsed since Group B's motion to amend was filed, it does not follow as the Government contends that the statute of limitations has run on this Group's cause of action. It is well-settled that "whenever some paramount authority prevents a person from exercising his legal remedy, the statute [of limitations] is tolled for that period during which he has been so thwarted." Application of United States Authorizing Interception of Wire Communications, 413 F.Supp. 1321, 1335 (E.D. Pa. 1976). In this case, Group B filed its motion to amend its complaint on October 22, 1981, a period well within the two-year general statute of limitations proscribed in 5 V.I.C. § 31(5)(A) (1982 Supp.). The statute of limitations was tolled during the period which this Group's motion to amend was pending before the Court. "It would be manifestly unjust to hold that the clock [was] running on [Group B's] cause of action during [the] period when this Court prevented [it from pursuing its claims]." Id. Accordingly, the Court will grant Group B's motion to amend its complaint nunc pro tunc to October 22, 1981. However, the Court would admonish Group B that while it is true, as it contends, that there may not be a legal requirement that it submit a letter or another motion to remind the Court of a pending motion, the Court is of the opinion that it is merely a matter of courtesy in circumstances such as this, where there has been a substantial time lapse on a motion that the party either call or write a letter to the Court to inquire about the status of the case. This is especially true here where it was common knowledge among the legal, as well as the lay community, that there was a change in the Court's personnel.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby

ORDERED that plaintiffs Gardner, Magras, Francis, Van Veen,

Duran, Callwood, Trosley, Wilson, Dudovick, Blyden and Parsons' motions to amend their complaints are DENIED; and it is further

ORDERED that plaintiffs Allen, Moses, and Davis' motions to amend their complaints are GRANTED nunc pro tunc to October 22, 1981.