**AETNA CASUALTY & SURETY CO.**

v.

**Donna SULLIVAN.**

**No. 91–586–Appeal.**

Supreme Court of Rhode Island.

May 11, 1992.

---

Michael Sarli, Gidley, Lovegreen & Sarli, Providence, for plaintiff.

William G. Savastano, North Smithfield, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of Aetna Casualty & Surety Co. (Aetna) from a judgment of the Superior Court dismissing Aetna's complaint for declaratory judgment pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

The defendant, Donna Sullivan (Sullivan), was involved in an automobile accident on November 30, 1987, with an uninsured motorist. No action has been brought against the uninsured motorist, who was regarded by Sullivan as judgment proof. Sullivan did assert a claim for compensation for her injuries against Aetna pursuant to an uninsured-motorist provision in her policy. Aetna referred this claim to arbitration. During the course of the arbitration hearing,

Aetna asserted that Sullivan had an obligation to bring an action against the uninsured motorist before the statute of limitations had expired. At the time this assertion was made, the limitations period had already expired. As a result of her failure to bring such an action, Aetna filed a complaint for declaratory judgment alleging that the insured's failure to protect Aetna's subrogation rights was a material breach of a condition precedent that therefore nullified coverage.

It is undisputed that at no time prior to the expiration of the statute of limitations did Aetna request or demand that Sullivan should file such an action. Aetna contends that it was under no obligation to do so and that this court has held that the insured has an obligation to preserve the insurer's subrogation rights. *See, e.g., Silva v. Home Indemnity Co.*, 416 A.2d 664 (R.I. 1980); *Stanko v. Hartford Accident & Indemnity Co.*, 121 R.I. 331, 397 A.2d 1325 (1979).

Sullivan counters by arguing that G.L. 1956 (1989 Reenactment) § 27-7-2.1(B)(2) provides as follows:

"A person entitled to recover damages pursuant to this section shall not be required to make a claim against or bring an action against the uninsured or underinsured tort feasor as a prerequisite to recover damages from the insurer providing coverage pursuant to this section."

Aetna asserts that this sentence is followed by a further provision that entitles the insurer providing coverage to subrogation rights. We agree that the statutory provision does not abrogate the right of subrogation. However, it does not place the obligation to bring an action against the uninsured or underinsured motorist upon the insured claimant.

We believe that this statutory provision may be harmonized with the policy provision that requires the preservation of Aetna's subrogation rights. It is a matter of common knowledge that bringing an action against an uninsured motorist may not be a profitable venture and may re-

quire expense on the part of the insured without any reasonable expectation of corresponding benefit. No assertion is made in the instant case that suit against the uninsured motorist would have produced a financial recovery. Nevertheless, we conclude that in the event that an insurance company wishes to protect its subrogation rights by bringing action against an apparently impecunious uninsured motorist, it may do so at its own expense. The insured would be obligated to bring such an action in his or her name at the request or demand of the company. The company would then either furnish counsel to prosecute such action or pay for the insured's counsel to do so.

In the instant case no such request or demand was made. No offer was made to pay the cost of such an action. Consequently the statutory provision which absolves the insured from bringing an action against the uninsured tortfeasor as a prerequisite to making a claim against his or her insurance is applicable and therefore controlling.

For the reasons stated, Aetna's appeal from the dismissal of its complaint for declaratory judgment is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.