[Civ. No. 28291. First Dist., Div. Three. Dec. 20, 1971.]

SAN MATEO UNION HIGH SCHOOL DISTRICT,
Cross-complainant and Respondent, v.
JAMES GEORGE YAMAS, a Minor, Cross-defendant and Appellant.

## COUNSEL

Galligan, Gregorio, Thrasher, Branson & Fitzgerald, Galligan, Thrasher, Branson & Fitzgerald and Cyril Viadro for Cross-defendant and Appellant.

Shovlin & Babin, James P. Shovlin and Norbert C. Babin for Cross-complainant and Respondent.

## OPINION

**DRAPER, P. J.**—This appeal raises questions as to the applicability of the doctrine of implied equitable indemnity in favor of a school district which was itself negligent in failing properly to supervise students in the operation of motor vehicles.

An automobile negligently driven by appellant Yamas, a high school student, struck and seriously injured Diane Moreno, another student who was walking across the school parking lot. She and her mother sued the minor fellow student, together with his father, who had joined in execution of the boy's application for a driver's license, the father's corporation which owned the vehicle, and the school district, for damages for her injuries and for medical expenses incurred. The school district cross-complained against the Yamas defendants, seeking indemnity. The basic action was settled for $225,000, $150,000 of which was paid by the Yamas defendants and $75,000 by the school district. After trial on the cross-complaint, judgment was entered requiring cross-defendants to indemnify the district to the extent of its contribution to the settlement. All three Yamas cross-defendants appealed. However, apparently for the practical reason that judgment against the younger Yamas would bind the insurer for all the

cross-defendants, the appeals of the father and the corporation were dismissed.

■ The distinction between the types of negligence which warrant implied equitable indemnity and those which bar it are at best hazy. On a full review of the authorities and the record here, we have concluded that the judgment in favor of the school district must be sustained.

The negligence of appellant, as the driver of the pickup truck which caused the injury to Miss Moreno, clearly was active. It was his mishandling of the vehicle that was the direct, affirmative, and primary cause of her injury.

■ The school district, of course, had an obligation to " 'supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection' " (*Dailey* v. *Los Angeles Unified Sch. Dist.*, 2 Cal.3d 741, 747 [87 Cal.Rptr. 376, 470 P.2d 360]). The district, however, is not an insurer of the physical safety of students (*id.*). ■ At most, its lapse in supervision deprived it of some opportunity to prevent or minimize the effects of appellant's mishandling of the vehicle, and was but a passive omission. As to the injured girl, that omission would support a judgment against the district, and thus fully warranted respondent's contribution to the settlement. But this claim for indemnity concerns only the relative rights of appellant and respondent as between themselves. In this context, the somewhat uncertain chance that faculty supervision on the parking lot would have avoided the accident is not reasonably to be compared with the affirmative acts of appellant. Equitable considerations require that appellant bear the burden.

A well-reasoned opinion (*Aerojet General Corp.* v. *D. Zelinsky & Sons*, 249 Cal.App.2d 604, 610 [57 Cal.Rptr. 701]) concludes that "Aerojet's failure to demand precautions of Zelinsky was quite different in character from Zelinsky's negligence in the active conduct of the project. In the train of causative factors culminating in the accident, Aerojet's omission was secondary and passive, while Zelinsky's was immediate and active." We cannot distinguish the district's situation here from that of Aerojet in the cited case.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied January 19, 1972, and appellant's petition for a hearing by the Supreme Court was denied February 16, 1972.