Kevin MULDOWNEY et al.

v.

WEATHERKING PRODUCTS,
INC., et al.

Kevin MULDOWNEY et al.

v.

IMPERIAL POOLS et al.

v.

A.J. INDUSTRIES, INC.

83–546–Appeal.

Supreme Court of Rhode Island.

May 20, 1986.

J. Olenn, Olenn & Penza, Providence, for plaintiff.

Vincent J. Santaniello, Manning West & Santaniello, for A.J. Industries.

C. Russell Bengtson, Carroll, Kelly & Murphy, William A. Curran, Hanson, Curran & Parks, David W. Carroll, Roberts, Carroll, Feldstein & Tucker, Inc., Cameron P. Quinn, Quinn, Cuzzone, Geremia & Pennacchia, John F. Dolan, Rice, Dolan & Kershaw, Bennett R. Gallo, Gunning, LaFazia & Gnys, Inc., Thomas C. Angelone, Hodosh, Spinella & Angelone, Hugh L. Moore, Jr., Paul V. Curcio, Hinckley & Allen, Providence, for defendants.

## OPINION

MURRAY, Justice.

This matter is before this court on appeals by Pac-Fab, Inc. (Pac-Fab), and A.J. Industries, Inc. (A.J.). Pac-Fab appeals from a Superior Court denial of its motion for a new trial on its third-party complaint against A.J. The third-party defendant, A.J., appeals from the trial justice's denial of its motion for a directed verdict. We affirm.

The facts pertinent to disposition of the instant appeal are as follows. In August 1976 George E. Muldowney was fatally injured in a residential swimming-pool diving accident. Thereafter, Mr. Muldowney's heirs and the administratrix of his estate commenced a wrongful-death action against, inter alia, R. L. Richter Company (Richter), the manufacturer of the diving board that decedent had been using at the time of the accident and Weatherking Products, Incorporated (Weatherking), the retailer and installer of the pool and diving board. The plaintiffs subsequently commenced a separate action against, inter alia, Pac-Fab, the alleged corporate successor to Richter. The two actions ultimately were consolidated for trial.

Pac-Fab initiated a third-party action against A.J. Pac-Fab alleged that A.J., as its predecessor, had an obligation to indemnify Pac-Fab for any and all sums for which Pac-Fab might ultimately be held liable in the case-in-chief.

At trial, bifurcated jury deliberations were conducted on plaintiffs' action and on Pac-Fab's third-party claim. A verdict was returned against Weatherking and Pac-Fab in the case-in-chief. A jury verdict in favor of A.J. was subsequently rendered on Pac-Fab's third-party complaint. The trial justice, having previously reserved decision thereon, denied A.J.'s motion for a directed verdict on the third-party claim.

Subsequent to the trial justice's determination of several posttrial motions, including his denial of Pac-Fab's motion for a new trial on its third-party complaint, various parties, including A.J. and Pac-Fab, filed notices of appeal to this court. During the appeals' pendency, settlement agreements concluding all disputes except that existing between A.J. and Pac-Fab were entered into by the parties.

Therefore, only two issues remain before us for our consideration. The first is whether the trial justice erred in denying Pac-Fab's motion for a new trial in the third-party action. The second issue presented is whether the trial justice committed error by refusing to direct a verdict in favor of A.J. in Pac-Fab's indemnity action.

In reviewing a claim that a trial justice erred in denying a motion for a new trial, we shall uphold the denial unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Cannone v. New England Telephone and Telegraph Co.*, 471 A.2d 211, 215 (R.I. 1984).

Our review of the record reveals that in November 1971, Structural Fibers, Inc. (Structural Fibers), acquired A.J.'s Pacific Fabrication division. In December 1971 the division was incorporated as a separate entity, Pacific Fabrication, Incorporated.[1] The November 1971 A.J.-Structural Fibers

---

1. In 1978 Pacific Fabrication, Incorporated, changed its name to Pac-Fab, Inc.

purchase-and-sale agreement provided in pertinent part as follows:

"4. *REPRESENTATIONS AND WARRANTIES OF SELLER.* The SELLER hereby makes the following representations and warranties to BUYER * * * :

\* \* \* \* \* \*

(m) SELLER shall at all times after the date of this agreement indemnify and hold BUYER harmless against and in respect of any and all damages or deficiencies resulting from any misrepresentations, breach of warranty or non-fulfillment of any agreement on the part of SELLER under this agreement."

The agreement also provided:

"2. *ASSUMPTION OF LIABILITIES.* BUYER agrees to assume and pay all liabilities of PAC–FAB as shown on the balance sheet of PAC–FAB as of September 30, 1971, and all liabilities incurred by PAC–FAB in the ordinary course of its business prior to the Closing Date.

BUYER shall not assume any liability of PAC–FAB or SELLER other than those specifically mentioned herein or in the exhibit hereto or those specifically approved in writing by SELLER.

\* \* \* \* \* \*

"9.(d) All representations, warranties and agreements included or provided for herein shall survive the Closing Date and the consummation of the transaction provided for herein for a period of five (5) years from the Closing Date."

■ It is well settled that indemnity provisions are to be strictly construed against the party alleging a contractual right of indemnification. *DiLonardo v. Gilbane Building Co.,* 114 R.I. 469, 471 n. 1, 334 A.2d 422, 423 n. 1 (1975). Examining paragraph 4(m) in view of the entire contract and bearing in mind this principle of strict construction, we do not believe that the jury's verdict was contrary to the preponderance of the evidence.

Further, although we have recognized that a party may possess an equitable right of indemnification,[2] we do not believe that, under the facts presented, Pac-Fab was so entitled.

■ The concept of indemnity is based upon the theory that one who has been exposed to liability solely as the result of a wrongful act of another should be able to recover from that party. *Helgerson v. Mammoth Mart, Inc.,* 114 R.I. 438, 441, 335 A.2d 339, 341 (1975). *See Roy v. Star Chopper Co.,* 442 F.Supp. 1010 (D.R.I.1977), *aff'd,* 584 F.2d 1124 (1st Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). Everyone is deemed responsible for the consequences of his or her own acts. This responsibility extends not only to the person directly injured but also to the one indirectly harmed by being held liable by operation of law. *See, e.g., Mauro v. McCrindle,* 70 A.D.2d 77, 81, 419 N.Y.S.2d 710, 713 (1979), *aff'd,* 52 N.Y.2d 719, 417 N.E.2d 567, 436 N.Y.S.2d 273 (1980). If another person has been compelled to pay damages that should have been paid by the wrongdoer, the latter becomes liable to the former. *Houdaille Industries, Inc. v. Edwards,* 374 So.2d 490, 492–93 (Fla.1979); *Mauro,* 70 A.D.2d at 80, 419 N.Y.S.2d at 713.

■ In order to successfully assert an action for indemnity, the prospective indemnitee must prove three elements. First, the party seeking indemnity must be liable to a third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor. *School District No. 4 of Jackson County v. United States Gypsum Co.,* 65 Or.App. 570, 575, 672 P.2d 1201,

2. *Helgerson v. Mammoth Mart, Inc.,* 114 R.I. 438, 441, 335 A.2d 339, 341 (1975).

1204 (1983); *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 218 (Utah 1984).

■■ An examination of the facts of the instant case indicates that this third requirement has not been met. The party from whom indemnity is sought, A.J., neither manufactured nor placed the diving board in the stream of commerce. Indemnity can only be obtained when the liability of the claimant is solely constructive or derivative and only when the prospective indemnitor's wrongful acts have caused such liability to be imposed. *Houdaille Industries, Inc.*, 374 So.2d at 493. The liability for which Pac-Fab now asks indemnification was not the result of any culpable conduct by A.J. Pac-Fab's basis for seeking indemnity is A.J.'s alleged status as Richter's successor.

■ The purpose of an indemnity action is to require the party primarily liable to hold harmless the party secondarily liable. *Helgerson*, 114 R.I. at 442, 335 A.2d at 341. When, as in the instant matter, the prospective indemnitor is no more responsible for the injury than the indemnitee, such a purpose would not be served by permitting recovery. It cannot be said that, as between A.J. and Pac-Fab, A.J. "ought" to bear the burden of the loss.

In view of the above facts, we are not persuaded that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. We therefore shall not disturb his denial of Pac-Fab's motion for a new trial.

In consideration of our above discussion and disposition of the issue raised by Pac-Fab, we believe that a summary dismissal of A.J.'s appeal from the trial justice's denial of its motion for a directed verdict is appropriate.

Accordingly, the appeals of Pac-Fab and A.J. are denied and dismissed. The judgment appealed from is affirmed. The papers in the case are remanded to the Superior Court.