Rose ANTONELLI

v.

**E & R REALTY, INC. et al.**

**91–503–Appeal.**

Supreme Court of Rhode Island.

June 18, 1992.

Mark Buben, Providence, for plaintiff.

Diane Cosentino, Providence, John B. Reilly, Warwick, Donald Woodbine, Providence, for defendants.

### ORDER

This matter came before a panel of the Supreme Court pursuant to an order issued to the defendant E & R Realty, Inc. (E & R) to appear and show cause why its appeal should not be summarily denied and dismissed. The defendant had appealed from summary judgment in favor of the co-defendant Providence Journal Company (Journal).

In this case plaintiff had filed suit against the two defendants for injuries suffered when she tripped over a cable placed by E & R around a parking lot it owned. The lot served a shopping center in which the Journal leased a store. A clause in the lease provided indemnity by the lessee in favor of E & R.

After examining the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that E & R has failed to demonstrate that there was an issue of material fact to be decided.

The court is also of the opinion that the trial justice reached the proper conclusion. In *Muldowney v. Weatherking Products, Inc.*, 509 A.2d 441 (R.I.1986) we stated:

"In order to successfully assert an action for indemnity, the prospective indemnitee must prove three elements. First, the party seeking indemnity must be liable to a third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation [giving rise to the breach of duty] ought to be discharged by the indemnitor."

In this case E & R never contended that the Journal either erected the cable barrier initially or had any control over it. Thus, the Journal had no liability to the plaintiff.

For these reasons, E & R's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court for further proceedings.

WEISBERGER and KELLEHER, JJ., did not participate.