DECISION
Bristol Industrial Park, Inc. (defendant and plaintiff-in-crossclaim, "Bristol") is seeking indemnification from East Bay Rubber, Inc. (defendant and defendant-in-crossclaim, "East Bay") for the amount of its settlement payment to Plaintiff Godin and for attorneys' fees. East Bay contends that it owes Bristol nothing, or if anything, only the settlement amount.
 Facts/Travel
Plaintiff Godin filed a negligence suit against the defendants, Bristol and East Bay. The plaintiff alleged that East Bay's employee negligently maneuvered a forklift truck over a moveable steel plate on a loading dock thereby causing the steel plate to strike and injure plaintiff. East Bay leased the subject premises from Bristol. Plaintiff also alleged that Bristol negligently maintained the loading dock. The defendants crossclaimed against each other for contribution and/or indemnification. During the trial, Bristol settled with the plaintiff for a joint tortfeasor release for the consideration of $2,500. Bristol's crossclaim for contribution was resolved by Stipulation of Dismissal. After trial, the jury found "East Bay negligent and apportioned liability between the plaintiff and East Bay as thirty percent and seventy percent, respectively. A directed verdict was entered on East Bay's crossclaim against Bristol. The matter remaining before the Court is Bristol's crossclaim for indemnification.
 Indemnification
Bristol argues that indemnification is based on a lease between the parties or, alternatively, on equitable indemnification.[1] East Bay argues that the lease does not provide for the indemnification claimed by Bristol.
Specifically, Bristol argues that paragraphs 3.4 and 8.9 of the lease support its claim.[2] The indemnification provision, paragraph 3.4, provides that the "Lessee [East Bay] will indemnify Lessor [Bristol] and save it harmless from and against any injury, loss, claim or damage . . . to any person or property anywhere occasioned by any negligent act on the part of the Lessee. . . ." Bristol maintains that during the trial there was no evidence to prove it either caused or contributed to plaintiff's accident. Furthermore, Bristol contends that it prevails on its indemnification claim because the jury verdict established East Bay's negligence.
Alternatively, East Bay contends that Bristol conditioned its action for indemnification on a judgment being entered against Bristol and that Bristol subsequently settled with the plaintiff for a joint tortfeasor release. However, Bristol's settlement with the plaintiff does not bar its claim for indemnification. G.L. 1956 § 10-6-9 (The Uniform Contribution Among Tortfeasors Act "does not impair any right of indemnity under existing law."); DePasquale v. Venus Pizza Inc., 727 A.2d 683, 687 (R.I. 1999).
"At common law, a right to indemnity is generally contractual in nature." Wilson v. Krasnoff, 560 A.2d 335, 341 (R.I. 1989) (citing Helgerson v. Mammoth Mart, Inc., 114 R.I. 438, 441,335 A.2d 339, 341 (1975)). "However it is held that indemnity may also be based on equitable principles." Id. "Whether there is a duty to indemnify based on language in an existing express contract is a matter of contract interpretation." A and BConstr., Inc. v. Atlas Roofing and Skylight Co., 867 F. Supp. 100, 107 (D.R.I. 1994). Moreover, "[i]t is well settled that indemnity provisions are to be strictly construed against the party alleging a right to indemnification." Muldowney v.Weatherking Products, Inc., 509 A.2d 441, 443 (R.I. 1986) (citingDiLonardo v. Gilbane Building Co., 114 R.I. 469, 471 n. 1,334 A.2d 422, 423 n. 1 (1975)).
The above-cited language of the indemnification provision of the lease clearly indicates the intention of the parties that the agreement shall include indemnification for lessee's [Easy Bay's] negligence. Based on the record, specifically, the jury verdict against East Bay and the directed verdict on East Bay's crossclaim, East Bay's negligence and Bristol's lack of fault are sufficiently established. Pursuant to the indemnification provision, wherein East Bay agreed to "indemnify Lessor and save it harmless from and against any injury, loss, claim or damage to any person or property anywhere occasioned by any negligent act or failure to act on the part of the Lessee," East Bay is liable for the settlement amount that Bristol paid to the plaintiff. East Bay is contractually obligated, therefore, to reimburse that amount to Bristol.
Regarding Bristol's claim for attorneys' fees, East Bay argues that the indemnification clause, paragraph 3.4 of the lease, provides merely for losses to a third party and lacks the express language necessary to provide for defense costs. East Bay contends that the provision does not refer to attorneys' fees or litigation expenses. Absent such express language, East Bay correctly argues, the provision must be construed to exclude such costs. See French v. Isham, 801 F. Supp. 913, 924 (D.R.I. 1992) (Indemnification claim for attorneys' fees and court costs incurred in suit failed where the indemnification provision of a release lacked such specific language).
Bristol argues that, pursuant to paragraph 8.9 of the lease, it is entitled to attorneys' fees. Paragraph 8.9 states in relevant part, "Both parties agree that the prevailing party shall be paid its expenses, including reasonable attorneys' fees, incurred in enforcing any of the other party's obligations under this Lease. . . ." Paragraph 8.9 expressly provides for the payment of a prevailing party's attorneys' fees. Based on the finding that East Bay must reimburse Bristol for the settlement amount, Bristol has prevailed on its indemnification claim under the lease. Pursuant to the lease between the parties, the Court rules that Bristol is awarded its expenses, including reasonable attorneys' fees, incurred solely in enforcing East Bay's obligation under the indemnification provision of the lease.
Counsel shall submit a proposed judgment for entry.
[1] The lease was marked as Exhibit C during the trial.
[2] The lease provides, in relevant parts:
 "ARTICLE 3. INSURANCE AMD INDEMNITY
3.4 Indemnification of Lessor. Lessee will indemnify Lessor and save it harmless from and against any injury, loss, claim or damage to any person or property while on the demised premises under the exclusive control of Lessee or in transit thereto or therefrom over areas under the exclusive control of Lessee unless due to the negligence or willful misconduct of Lessor, and to any person or property anywhere occasioned by any negligent act or failure to act on the part of the Lessee, or of its agents, servants or invitees.
 ARTICLE 8. MISCELLANEOUS
 8.9 Attorneys' Fees. Both parties agree that the prevailing party shall be paid its expenses, including reasonable attorneys' fees, incurred in enforcing any of the other party's obligations under this Lease or any extension thereof after notice has been given to the other party where such notice is required under the terms hereof."