[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The subject of the motions before the Court are the cross-claims for contribution and indemnity which co-defendant Steris Corporation d/b/a Steris USA Distribution Corporation (hereafter "Steris") has brought against co-defendants Thompson Consultants, Inc., Taylor and Partners, Inc., d/b/a Taylor Partners, Ltd., Taylor Partners, LTD (collectively "TCI and Taylor"), Gilbane Building Corporation (hereafter "Gilbane"), and J. Farrar Associates, Inc. TCI and Taylor seek summary judgment and separate and final judgment on the cross-claims of co-defendant Steris, and Gilbane has moved for separate and final judgment on Steris' cross-claims.
 FACTS AND TRAVEL
Industrial Risk Insurers, as subrogee of Lifespan Corporation and Newport Hospital (collectively "Plaintiffs") brought suit against Gilbane, Steris, TCI Taylor, and J. Farrar Associates, Inc. for negligence and breach of contract. On September 10, 1996, Lifespan entered into an agreement whereby Gilbane was to act as construction manager for a renovation project at Newport Hospital. Pursuant to that agreement, the owners were required to purchase property insurance for the project and include Gilbane, all Trade Contractors, and their Trade Subcontractors as insureds under the policy. Industrial Risk Insurers issued such policy. In addition, the agreement contained the following waiver of subrogation provision:
 "The Owner and Construction manager waive all rights against each other, the Architect/Engineer, Trade Contractors, and their Trade Subcontractors for damages caused by perils covered by insurance provided under Paragraph 12.4, except such rights as they may have to the proceeds of such insurance held by the Owner and Construction Manager as trustees. The Construction Manager shall require similar waivers from all Trade Contractors and their Trade Subcontractors."
The Plaintiffs also entered into an agreement with Taylor, the architect, in connection with the Newport Hospital renovation project which contained nearly identical waiver of subrogation language:
 "The Owner and Architect shall waive all rights against each other and against the Construction Managers, consultants, agents, employees of the other for damages, but only to the extent covered by property insurance during construction, except such rights as they may have to the proceeds of such insurance as set forth in the General Conditions of the Contract for Construction. The Owner and Architect each shall require similar waivers from their Construction Manager, consultants, and agents."
This waiver provision was applicable to both TCI and Taylor because TCI served as Taylor's consultant throughout the entire renovation project.
Plaintiffs allege that due to the negligence of the co-defendants, in November 2000, water from sterilizing equipment leaked through a hole in the hospital floor onto a nuclear medicine camera which was located on a lower floor, causing damage to the camera. Steris manufactured the sterilizing equipment which was installed at Newport Hospital on August 9, 2000.
The Plaintiffs, as owners of the damaged camera, were paid under applicable insurance for damage to the camera net of the deductible. Industrial Risk Insurers, as Plaintiffs' subrogee, filed a complaint against the various co-defendants seeking to recover for the loss. Steris thereafter filed a cross-claim against all other co-defendants claiming that, in the event Steris is found liable to the Plaintiffs, it is entitled to both equitable indemnity under the common law, and contribution under Rhode Island's Uniform Contribution Among Tortfeasors Act.
On June 8, 2004, this Court granted Gilbane, TCI, and Taylor summary judgment on all of Plaintiffs' claims by reason of the contractual waiver of subrogation. Based upon the statements made by Steris' counsel at the time of the hearing, the Court also granted Gilbane's motion for summary judgment on the cross-claims asserted against Gilbane by Steris. Steris' motion for summary judgment as to Plaintiffs' claims was denied since the Court found that the contractual waiver of subrogation was not applicable to Steris. TCI and Taylor subsequently filed the motion presently before this Court seeking both summary judgment and separate and final judgment on Steris' cross-claims for contribution and indemnification, suggesting that the prior disposition of Plaintiffs' claims necessarily requires the dismissal of Steris' cross-claims as a matter of law. Also before this Court is Gilbane's motion for entry of final judgment.
 STANDARD OF REVIEW
Summary Judgment
In a summary judgment proceeding, the moving party must demonstrate that he or she is entitled to judgment as a matter of law and that no genuine issues of material fact exist. Palmisciano v. Burrillville RacingAss'n, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)); Super. R. Civ. P. 56. In such a proceeding, "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Palmisciano, 603 A.2d at 320 (citing Lennon v.MacGregor, 423 A.2d 820 (R.I. 1980)). As a result, the sole function of a trial justice when ruling on a summary judgment motion is determining whether any issues of material fact exist. Industrial Nat'l Bank v.Peloso, 121 R.I. 305, 307, 397 A.2d 1312, 1313 (1979) (citing RhodeIsland Hosp. Tr. Nat'l Bank v. Boiteau, 119 R.I. 64, 66, 376 A.2d 323, 324
(1977)).
Furthermore, when "an examination of pleadings, affidavits, admissions, answers to interrogatories, and other similar matters, viewed in a light most favorable to the opposing party, reveals no such issue, then the suit is ripe for summary judgment." Rhode Island Hosp. Tr. Nat'lBank, 119 R.I. at 66, 376 A.2d at 324(citations omitted). The opposing party in a summary judgment motion "will not be allowed to rely upon mere allegations or denials in their pleadings." Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998). Rather, the opposing party, by affidavits or otherwise, has an affirmative duty to set forth specific facts demonstrating the existence of a genuine issue of material fact. Id
(citing St. Paul Fire Marine Ins. Co. v. Russo Brothers, Inc.,641 A.2d 1297, 1299 (R.I. 1994)).
Entry of a Final Judgment
Super. R. Civ. P. 54(b) reads in relevant part:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for an entry of judgment."
The function of Rule 54(b) is to avoid piecemeal appeals. Astro-Med,Inc. v. Moroz, 811 A.2d 1154, 1156 (R.I. 2002) (citing 1 Kent, R.I. Civ. Prac. 396, 397 (1969)). When determining whether to grant a Rule 54(b) motion, the trial justice should take into account "judicial administrative interests as well as the equities involved." Astro-Med,Inc., 811 A.2d at 1156 (citation omitted). While examining judicial administrative interests, the trial justice should consider "the existence of a transactional relationship between a remaining unadjudicated claim and a claim that has been disposed of." Id. at 1156-57. Rule 54(b) should be applied with caution and a final judgment should enter only in "unusual and compelling circumstances." Id. at 1158. In the absence of such a determination of final judgment, an order which adjudicates the rights and liabilities of fewer than all of the parties is subject to revision at anytime before the entry of final judgment. See Super. R. Civ. P. 54(b).
 ANALYSIS
Contribution
In Rhode Island, in accordance with the Uniform Contribution Among Tortfeasors Act (hereafter "the Act"), the right of contribution exists among joint tortfeasors. G.L. 1956 § 10-6-3. The purpose of the Act is to avoid the injustice of having one tortfeasor pay more than its fair share of damages. Wilson v. Krasnoff, 560 A.2d 335, 339 (R.I. 1989) (citation omitted). The Act defines "joint tortfeasor" as "two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." G.L. 1956 § 10-6-2.
The statute contains two requirements for parties to be considered joint tortfeasors. First, the parties must be "liable in tort." SeeWilson, 560 A.2d at 339 (citing Zarrella v. Miller, 100 R.I. 545, 548,217 A.2d 673, 675 (1966)). Second, there must be liability for the same injury, meaning an injury caused by parties who engage in a common wrong. Wilson, 560 A.2d at 339.
TCI and Taylor urge the Court to find that they cannot be considered "liable in tort" because the Court, in granting TCI and Taylor's motion for summary judgment, precluded the Plaintiffs' right of recovery from TCI and Taylor. TCI and Taylor interpret the phrase "liable in tort" as applying exclusively to situations where all contributors are subject to a direct suit by an injured plaintiff.
By contrast, our Supreme Court and the United States Court of Appeals for the First Circuit have rendered decisions that support a more expansive interpretation of the phrase "liable in tort" than that suggested by TCI and Taylor. See, e.g., Zarrella, 100 R.I. 545,217 A.2d 673; New Amsterdam Cas. Co. v. Holmes, 435 F.2d 1232, 1234 (1st Cir. 1970) (interpreting Rhode Island law). These courts interpret the phrase "liable in tort" to mean that the parties must have negligently contributed to another's injury. Zarrella, 100 R.I. 545, 217 A.2d 673;New Amsterdam Cas. Co., 435 F.2d at 1234.
In the case of Zarrella v. Miller, the Plaintiff was unable to proceed with a suit against one of the two allegedly negligent parties as a result of the doctrine of interspousal immunity. The court found, however, that interspousal immunity did not prohibit an action for contribution by the nonimmune defendant against the immune, but negligent spouse. See Zarrella, 100 R.I. 545, 217 A.2d 673. The Court construed the term "liable in tort," as used in G.L. 1956 § 10-6-2, as a broad concept, obligating "any person or persons who have negligently contributed to another's injury," and are therefore "culpable," in spite of common law defenses which preclude the injured party from pursuing a claim. Zarrella, 100 R.I. at 548-49, 217 A.2d at 675; see also NewAmsterdam Cas. Co., 435 F.2d at 1234. The Court reasoned "that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done." Zarrella, 100 R.I. at 549, 217 A.2d at 676 (quoting Puller v.Puller, 380 Pa. 219, 221 (1955)). This Court finds the reasoning articulated in Zarrella applicable to the present case.
Here, the first and second requirements for parties to be considered joint tortfeasors can be satisfied if a determination is made at trial that Steris, TCI, and Taylor negligently contributed to the same injury, i.e., the damage sustained to the Plaintiffs' camera at Newport Hospital. Potentially, all three parties may be considered "liable in tort" and thus subject to suit for contribution under the Act. Although this Court determined that the Plaintiffs are no longer able to pursue its claims against TCI and Taylor by reason of the contractual waiver of subrogation, TCI and Taylor might still be considered joint tortfeasors for purposes of Steris' cross-claim for contribution.
TCI and Taylor further argue that the Court's enforcement of the contractual waiver of subrogation is analogous to a prospective release or settlement, both of which extinguish the obligation of contribution so long as certain conditions are satisfied. See G.L. 1956 § 10-6-8. Pursuant to G.L. 1956 § 10-6-8, in order for a release to relieve a party from liability to make contribution to another joint tortfeasor, it must provide for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all of the other tortfeasors. No such reduction of damages is called for by this Court's enforcement of the contractual waiver of subrogation.
The public policy stated in the Act is to encourage settlements and allow a tortfeasor who settles for less than the entire obligation to "buy his peace" so far as contribution claims are concerned. See Hawkinsv. Gadoury, 713 A.2d 799, 806 (R.I. 1998) (quoting Uniform Act, 12 U.L.A. 194, 196 § 1 cmt. (d) (1955 revision) (1966)). Such considerations do not apply in the instant matter. At any rate, even under the Act, the comments provide that it is only fair to allow a joint tortfeasor who discharges the entire obligation to the injured party to pursue contribution from those whose liability he has discharged. Hawkins,713 A.2d at 806 (quoting Uniform Act, 12 U.L.A. 194, 196 § 1 cmt. (d) (1955 revision) (1966)).
Steris was not a party, or in privity with parties, to the agreement which contained the waiver of subrogation clause. Although Plaintiffs can no longer enforce their direct claims against TCI, Taylor, or Gilbane by reason of those agreements, it would be inequitable not to allow Steris, to the extent it may be found liable to the Plaintiffs, to seek contribution from other potentially responsible parties. Allowing such claims permits TCI, Taylor, and Gilbane to enjoy the benefit of the bargain they struck with the Plaintiffs, yet preserves the right of Steris, a stranger to those agreements, to seek contribution. Accordingly, the Court will deny TCI and Taylor's motion for summary judgment as to the cross-claim for contribution.
Indemnity
Rhode Island recognizes the common law theory of equitable indemnity as applied in tort. Hawkins, 713 A.2d at 803; G.L. 1956 § 10-6-9; see alsoWilson, 560 A.2d at 341. In Helgerson v. Mammoth Mart, 114 R.I. 438,335 A.2d 339 (1975), our Supreme Court found that in the absence of a contractual agreement, indemnity can be premised upon equitable considerations "where the contrast between the secondary, passive role of one tortfeasor and the primary, active role of the other requires that equity intervene to prevent injustice." A B Constr. v. Atlas Roofing Skylight Co., 867 F. Supp. 100, 113 (D.R.I., 1994) (citingHelgerson, 114 R.I. at 441, 335 A.2d at 341).
"The theory underlying the concept of equitable indemnity is that `one who has been exposed to liability solely as the result of a wrongful act of another should be able to recover from that party. . . . If another person has been compelled to pay damages that should have been paid by the wrongdoer, the latter becomes liable to the former.'" Gen. Accident Ins.Co. of Am. v. Budget Rent A Car Sys., Inc., No. 94-5616, 1999 R.I. Super. LEXIS 54, at *10-11 (R.I. Super. Ct., Aug. 2, 1999) (quotingDiMase v. Fleet Nat'l Bank, 723 A.2d 765, 768 (R.I. 1999); Muldowney v.Weatherking Products, Inc., 509 A.2d 441, 443 (R.I. 1986)). This theory is applicable regardless of any settlement, release, or adjudication which has taken place because "`equity regards that as done that ought to have been done.'" Gen. Accident Ins. Co. of Am., 1999 R.I. Super. LEXIS 54, at *11(quoting Morris Gordon Son v. Totoni, 324 Mass. 182,85 N.E.2d 319 (Mass. 1949)).
Notwithstanding a settlement and release delivered by the plaintiff to a settling defendant, the non-settling defendant may pursue a claim for equitable indemnity against the settling defendant. Helgerson,114 R.I. at 439, 335 A.2d at 340. Similarly, TCI, Taylor, and Gilbane cannot be deemed immune from an equitable indemnification suit from Steris, despite the contractual impediment which the Court found to bar Plaintiffs' claims against those Defendants. That contract provision, like the release in Helgerson v. Mammoth Mart, acted as a bar only to Plaintiffs' direct claims, but not as to the remaining co-defendant's cross-claims for indemnity.
TCI and Taylor argue further that Steris cannot satisfy the indemnity standard set forth in Muldowney, 509 A.2d 441 (R.I. 1986). In Muldowneyv. Weatherking Products, Inc., the Court articulated the elements that must be established in order to state a claim for indemnity: "First, the party seeking indemnity must be liable to the third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." Id. at 443 (citations omitted). A variety of equitable considerations may come into play in determining the equitable indemnification rights of one party as against another. One example is when one party is deemed actively negligent while the other is found only passively negligent. See Helgerson, 114 R.I. at 441,335 A.2d at 341. Another example is when a potential indemnitor is at fault and the prospective indemnitee is blameless. See Wilson,560 A.2d at 341 (citing Muldowney, 509 A.2d at 444).
Under the facts alleged, and viewing such facts in the light most favorable to Steris, facts may be proven that would demonstrate Steris' entitlement to equitable indemnification. Steris' cross-claim for indemnity, therefore, presents genuine issues of material fact in connection with the consideration of the responsibility among the Defendants for the loss alleged, and the motion for summary judgment as to the cross-claim must, therefore, be denied.
Although the Court has granted summary judgment in favor of certain Defendants as to the claims of the Plaintiffs, the cross-claims of Steris remain to be tried. Accordingly, Super. R. Civ. P. 54(b) certification relative to the orders granting summary judgment as to Plaintiffs' claims would only foster a piecemeal appeal, and is denied.
Gilbane's Motion for Entry of Final Judgment
Gilbane has also filed a motion for entry of final judgment pursuant to Super. R. Civ. P. 54(b). On June 25, 2004, this Court entered an order granting Gilbane's summary judgment as to both Plaintiffs' complaint and Steris' cross-claim. The Court granted summary judgment in favor of Gilbane on the cross-claim at that time, based upon the statement by counsel for Steris, the crossclaim plaintiff, that in light of the Court's disposition of Gilbane's motion for summary judgment as to the Plaintiffs' claims, the cross-claim was no longer viable. Apparently, counsel for Steris has reconsidered that position, resulting in the opposition filed by Steris to the motion for summary judgment on the cross-claim against TCI and Taylor. Since the Court agrees with Steris' current position, the Court deems it appropriate to revisit the order previously entered as to the cross-claim against Gilbane.
Based upon the foregoing analysis, the Court deems it appropriate to vacate the order granting Gilbane's motion for summary judgment as to the cross-claim. The Court finds that genuine issues of material fact exist as to Steris' cross-claim against Gilbane, and that Gilbane is not entitled to judgment as a matter of law on such claim.
Also, for the reasons set forth above, the Court will deny the motion for Rule 54(b) certification as to the order granting Gilbane's motion for summary judgment on the Plaintiffs' claims.
The parties will present the Court with an order consistent with this decision.