FARM FAMILY CASUALTY INSUR-
ANCE COMPANY, Plaintiff/De-
fendant in Counterclaim,

v.

RIVERS PAVING, INC., et al.,
Defendants/Plaintiff in
Counterclaim

v.

Massachusetts Homeland Insurance
Company, Third Party
Defendant.

No. CA 14–153–M.

United States District Court,
D. Rhode Island.

Signed Oct. 26, 2015.

Anthony J. Gianfrancesco, Gianfrancesco
& Friedemann, LLP, Providence, RI, for
Plaintiff/Defendant in Counterclaim.

Mark D. Tourgee, Tara L. Fontaine,
Inman, Tourgee & Williamson, Coventry,
RI, for Defendants/Plaintiff in Counter-
claim.

Patricia A. Buckley, Bengtson & Jest-
ings, LLP, Providence, RI, for Third Party
Defendant.

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., District
Judge.

Norman Rivers, Jr., president of Rivers
Paving, Inc., (collectively "Rivers") was

struck by a car on November 20, 2012 in Coventry, Rhode Island while directing his company's truck in traffic. He sustained personal injuries in that accident and filed a claim against a commercial general liability policy (the Policy) with Farm Family Casualty Insurance Company (Farm Family), which covered not only Rivers Paving but also covered him as president and employee of Rivers Paving. Farm Family denied his claim under the Policy's uninsured motorist benefits and brought a declaratory judgment action against Rivers, claiming that the policy does not cover Mr. Rivers' injuries because he was not inside the truck when he was hit. Rivers in turn filed a direct action counterclaim against Farm Family for breach of contract and breach of fiduciary duty.

As this lawsuit progressed, Farm Family filed a Third Party Complaint, a direct action, against Mr. Rivers' personal automobile insurer, Massachusetts Homeland Insurance Company (Mass. Homeland)[1], for indemnification and/or contribution. That policy also contained an uninsured motorist (UM) provision, but Mr. Rivers did not make a claim under that policy. Before the Court is Mass. Homeland's motion to dismiss Farm Family's Third–Party Complaint. In that motion, Mass. Homeland argues that 1) Farm Family lacks standing to request essentially a determination of rights and obligations under Mr. Rivers' personal Mass. Homeland automobile policy and 2) the Farm Family Third–Party Complaint does not state a viable cause of action for indemnification.

Finding these arguments unpersuasive, the Court DENIES Mass. Homeland's motion to dismiss.

1. Neither the driver's automobile insurance policy nor the driver's employer's insurance policy paid Mr. Rivers' claim.

## I. STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir.2008); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir.2006). To withstand "a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967–69, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–87, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Iqbal*, the Supreme Court further explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 664, 129 S.Ct. 1937. "[A] plaintiff ... is ... required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988).

## II. DISCUSSION

Mass. Homeland's argument that Farm Family does not have standing to bring a declaratory judgment action against it under R.I. Gen. Laws § 9–30–1 et seq. because Farm Family is neither a party to the Mass. Homeland policy nor an intended third party beneficiary of that policy is based on an incorrect premise. The Court sees no standing issue here because, while Farm Family brought a declaratory judgment action against Rivers seeking a de-

termination that its policy does not cover his injuries, it brought a *direct third party action* against Mass. Homeland for indemnification in response to Rivers' direct action counter-claim against it for breach of contract and breach of fiduciary duty. Farm Family's standing to seek indemnity based on the counter-claim is unquestionable. Because a review of standing under the Declaratory Judgment Act does not apply here, the Court turns to Rhode Island's law of indemnity to inform its consideration of the remainder of Mass. Homeland's motion.

Mass. Homeland then goes on to argue that the Complaint does not state a viable cause of action for indemnification on the grounds that it cannot be forced to litigate the question of coverage under Rivers' personal automobile policy (particularly where Rivers has not asserted such a claim against it), that Farm Family's indemnification claim fails because there is no basis for tort liability against it as the proposed indemnitor, and no joint liability exists between Farm Family and Mass. Homeland because they did not insure Rivers for the same risk.

■ "In order to successfully assert an action for indemnity, the prospective indemnitee must prove three elements. First, the party seeking indemnity must be liable to a third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." *Muldowney v. Weatherking Prod., Inc.*, 509 A.2d 441, 443 (R.I. 1986). As with all motions to dismiss, the Court accepts as it must Farm Family's allegations and draws all reasonable inferences in its favor in light of the elements of the claims.

■ The Court finds that Farm Family's Third–Party Complaint has stated a viable cause of action for indemnification. There is no dispute that Rivers has insurance policies with both Farm Family and Mass. Homeland, clearing the first two hurdles. As to the final element, Farm Family filed this action against Mass. Homeland in response to Rivers' counterclaim against it. In support of these facts, Farm Family alleges that if it is found liable on Rivers' counterclaim, "then such liability will be predicated upon factors which qualify Farm Family to indemnification and /or contribution from" Mass. Homeland. (ECF No. 30 at ¶ 18). The Farm Family Third–Party Complaint also alleges that Mass. Homeland's policy "should apply to the facts alleged by Rivers in his counterclaim (against Farm Family)" requiring Mass. Homeland to "indemnify and/or compensate Rivers for any personal injury claim." (*Id.* at ¶ 17). Believing that Mass. Homeland's policy is equally, if not more, applicable to Rivers' claims, Farm Family alleges that it has the right to seek indemnification and/or contribution through a direct action against Rivers' other insurance policy.[2] (*Id.* at ¶ 18). Because the Court accepts these allegations and draws all inferences in Farm Family's favor, it finds that the Complaint states "a plausible entitlement to relief." Mass. Homeland's Motion to Dismiss (ECF No. 34) is DENIED.

IT IS SO ORDERED.

---

2. Rivers sued Farm Family under the UM endorsement in its policy. In that endorsement, Rivers agreed to preserve the right of subrogation with any other UM policy. Because Rivers has another UM insurance policy with Mass, Homeland, Farm Family has a right to seek contribution from this other insurance because Rivers agreed to preserve that right for Farm Family.